## Orange's Executors v. Mutual Benefit Life Insurance Company of Newark, New Jersey.

(Decided May 29, 1923.)

## Appeal from Caldwell Circuit Court.

Insurance—Insured Held Not Entitled to Extended Insurance After Default in Payment of Second Premium.—Under the general rule of Mutual Benefit Insurance Companies to allow the accumulation on a policy to be begun after the payment of the second year premium, and the provisions of a policy for the crediting of dividends after the second year premium was paid in, a policy holder in such company was not entitled to extended insurance after default in payment of his second premium, especially where the evidence showed that the first premium was not sufficient to meet the expenses of the policy up to the end of the first year.

CHARLES A. PEPPER and JOHN G. MILLER for appellants.

WM. MARSHALL BULLITT, W. OVERTON HARRIS and J. ELLIOTT BAKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

By this proceeding the executors of Barrett C. Orange seek to recover $2,000.00 upon a policy of life insurance issued to him on the 8th of September, 1917, by appellee, Mutual Benefit Life Insurance Company of Newark, New Jersey. The annual premium on the policy was $43.38, one-half of which amount the insured paid at its due date, and the balance was not paid until some time after it was due, but the policy was reinstated on its payment. This was the first year's premium. When the second year's premium became due the company notified the insured of the amount and due date, and asked remittance. Quite a lot of correspondence passed but the insured did not pay the premium. He died on October 13, 1918, a little more than a month after his premium was due.

It is admitted by appellants that the insured did not pay the premium when due, and at the time of his death he was in default, but the executors insist that inasmuch as the insured paid the premium of $43.38 due for the first year, there was a surplus to his credit more than sufficient to carry the policy from the time the second premium was due until his death, which was less than two months. The company insists that the first and only premium paid, $43.38, was not sufficient even to meet the

expenses of the policy up to the end of the first year much less to afford a surplus in favor of the insured. To demonstrate this it shows that it paid to the agent a commission of $21.70, medical fee $5.00, inspection fee $1.00, general expense and taxes $8.48, insured's share of death losses under other policies $12.56; total $48.74, thus demonstrating that the company on the first year's insurance lost something more than $4.00. This no doubt was occasioned by the large commissions paid by the company to the agent for securing the business. Aside from this the terms of the policy under which the executors claim forbid a recovery. It is a general rule among mutual benefit insurance companies to allow the accumulation on a policy to begin after the payment of the second year premium or at some subsequent period but never on payment of first year premium. The insured's policy provides:

"Upon payment of the second year's premium, and at the end of the second and of each subsequent policy year, this policy while in force will be credited with such dividends as may be apportioned by the directors, and such annual dividends will include the portion of the divisible surplus accruing hereon. Dividends thus accredited will be paid in cash or at the option of the insured, will be applied either in reduction of premiums, or upon the addition or accelerative endowment plan."

On December 26, 1917, and while insured's policy was in full force and effect, the board of directors of the company passed the following resolution:

"Resolved, that there be and hereby is apportioned a sum sufficient to pay regular dividends for the year nineteen hundred and eighteen as computed by the mathematician in accordance with the resolution adopted November fourteen, nineteen hundred and seventeen, to such participating policies as shall be in force on their anniversaries in nineteen hundred and eighteen. In case of the premium paying policies said dividends shall be payable as the premium for the policy year beginning in nineteen hundred and eighteen shall be paid. In case of paid-up policies said dividends shall be payable on the policy anniversaries in nineteen hundred and eighteen.

"In case of policies issued in nineteen hundred and seventeen no dividends shall be payable unless the second year's premium on such policies shall be paid."

It, therefore, plainly appears that by the terms of the contract the insured was not entitled to be credited

with dividends until after the payment of the second year's premium. This premium not having been paid by the insured or any one for him, no dividends could be credited. As there were no dividends this makes little difference. Had insured paid his second year's premium and had lived a full year after October, 1918, the dividends which would have accumulated upon his policy would have been sufficient to have kept his policy in full force for such time upon his election so to apply the same.

The trial court having dismissed plaintiff's petition the judgment must be and is affirmed.

Judgment affirmed.