KATHLEEN W. HARDEN v. OCCIDENTAL LIFE INSURANCE
COMPANY, A CORPORATION.

(Filed 21 March, 1934.)

**Insurance J b—Under terms of policy insurer could not have applied
dividend to payment of premium in absence of election by insured.**

The policy of life insurance in suit provided for forfeiture upon insured's failure to pay the monthly premium thereon, and expressly provided in clear and explicit terms that dividends thereon should, at the option of insured, be applied to one of several purposes, and if insured made no election, should be paid in cash. Insurer notified insured of a dividend in a sum in excess of the monthly premium, but insured made no election, and died several days after the expiration of the grace period for the payment of the monthly premium due after the declaration of the dividend. Insurer tendered the beneficiary check for the accrued dividend plus interest. The beneficiary brought suit, contending that insurer should have applied the dividend to the payment of the premium so as to keep the policy in force: *Held*, under the terms of the policy insurer had no

right to apply the dividend to the payment of the premium in the absence of election by insured, and if it had done so insured could have nevertheless demanded it in cash, and the policy was forfeited for nonpayment of premium due subsequent to the declaration of the dividend.

APPEAL by plaintiff from *Harris, J.,* at October Term, 1933, of WAKE.

Controversy without action upon an agreed statement of facts which is substantially as follows:

1. On 13 May, 1931, the Colonial Life Insurance Company executed and delivered unto James Henry Harden, the insured, a "participating modified whole life" contract of insurance, No. C-5839, under the terms of which it agreed to pay $2,500, the face amount of the policy, to Kathleen W. Harden, as beneficiary, the plaintiff herein, immediately upon receipt of due proof of the death of the insured.

2. Subsequent to the execution and delivery of the aforesaid policy of insurance to James Henry Harden, the Occidental Life Insurance Company, a corporation existing under the laws of New Mexico and domesticated in this State with its principal place of business at Raleigh, defendant herein, succeeded to the rights and obligations of the said Colonial Life Insurance Company, under said contract of insurance.

3. Monthly premiums in the sum of $2.88 were paid by the insured through and including the premium which became due and payable on 13 June, 1933. Subsequent to the payment of the 13 June, 1933, premium, the insured, James Henry Harden, paid no further premium to the defendant herein.

4. More than five days prior to 13 April, 1933, the defendant mailed to the insured, James Henry Harden, at his Greenville, North Carolina, address, the following notice of accrued dividend on said policy, which was received by insured: "Accounting department home office stub . . . premium $2.88, No. C-5839P 13 day of April, 1933. Interest dividend, $4.02. Mr. James H. Harden, 1208 Chestnut Street, Greenville, N. C.

Said notice was accompanied by an envelope addressed to Occidental Life Insurance Company for reply.

5. The insured, James Henry Harden, died on 17 August, 1933, leaving the plaintiff, Kathleen W. Harden, beneficiary named in the policy, surviving him. The insured's death occurred four days after the expiration of the period of grace as to the premium due and payable on 13 July, 1933.

6. On 6 September, 1933, the defendant, Occidental Life Insurance Company, mailed its check in the sum of $4.07, payable to Kathleen W. Harden, beneficiary, in payment of accrued dividends apportioned to the policy and interest on the said dividends from date of declaration or apportionment thereof. The check was refused by the payee. Said

check, marked Exhibit "B," attached hereto, is made a part of this statement of facts.

7. The policy of insurance referred to in paragraph 1 above, together with the application of the insured, is attached hereto, marked Exhibit "A" and made a part of this statement of facts.

8. At the time of the death of James Henry Harden, the insured, the policy involved herein had no cash or loan value.

9. No option was ever elected by the insured as to the disposition of the accrued dividends apportioned to the said policy.

Upon these facts it was adjudged that the policy had lapsed for non-payment of premium and was void and that the plaintiff was not entitled to recover of the defendant. The plaintiff excepted and appealed.

*Shaw & Jones for appellant.*
*Willis Smith and John H. Anderson, Jr., for appellee.*

ADAMS, J. The policy of insurance was issued on 13 May, 1931, in consideration of the application and the payment of premiums. The insured, James Henry Harden, contracted to pay a premium of two dollars and eighty-eight cents on or before the thirteenth day of every month, and in this respect complied with his obligations up to 13 June, 1933, paying the premium which then became due. He failed to remit the premium which was payable on 13 July, 1933, and died on 17 August, 1933, a few days after the period of grace had expired.

The policy and the attached rider contain the following clauses:

(a) "Except as herein expressly provided the payment of any premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable."

(b) "Nonpayment of any installment when due, or within one month (not less than thirty-one days) thereafter, automatically voids this policy, except as provided by the policy or by law."

In regard to the payment of accruing dividends the policy has this provision:

"Beginning at the end of the first insurance year and each year thereafter the company shall annually apportion from the divisible profits the dividend payable to this policy and such apportioned amount upon payment of the succeeding premium shall, at the option of the insured, be either (1) paid in cash; or (2) applied toward payment of premiums; or (3) applied toward the purchase of participating paid up additions to the policy; or (4) left to accumulate as an interest bearing fund withdrawable at any time or payable at the maturity of this policy. Dividends so left shall be credited with interest, the rate to be determined annually by the company, but in no event to be less than 3½

per cent per annum. If no option has been elected by the insured the dividend shall be paid in cash."

More than five days before 13 April, 1933, the defendant mailed to the insured a notice that a dividend of $4.02 had accrued on the policy. The dividend was in excess of the unpaid premium. The question for decision is whether, as contended by the plaintiff, it was the defendant's duty to apply the dividend or any part of it to the payment of the premium which was due on 13 July, 1933, and thus to prevent a lapse of the policy, or whether, as insisted by the defendant, it was incumbent upon the insured to notify the defendant that he elected to have the dividend applied to one of the last three options.

There can be no doubt that the policy lapsed unless the defendant should have applied the dividend to the unpaid premium. With respect to the question under consideration the terms of the policy are clear and unambiguous. The insured had the right to determine whether the accrued dividend should be applied "toward payment of premiums" or to any one of the other designated options; the defendant was not required to make the election for him. See *Cason v. Mutual Life Ins. Co.,* (Colo.), 184 Pac., 296; *Dougherty v. Mutual Life Ins. Co.* (Mo., 1931), 44 S. W. (2d), 207; *Equitable Life Assur. Soc. v. Pettid* (Ariz.), 11 Pac. (2d), 833. The apportioned amount upon payment of the succeeding premium was to be paid in one of four ways at the option of the insured, and if the insured made no option the defendant was to pay the amount in cash. This was the express agreement: "If no option has been elected by the insured the dividend shall be paid in cash." The insured made no election; the defendant paid the dividend in cash and complied with its contract. Whether the contract of election was set out in the application or in the policy is a matter of indifference. In either event the contract was enforceable.

The question has been considered and decided adversely to the plaintiff's contention in *Gardner v. Ins. Co.,* 201 N. C., 716. There the policy provided that unless the insured should otherwise elect the dividend should be held by the company at interest to be withdrawn by the insured at any time or to be included in any cash settlement of the policy. Although he had notice of the dividend and of his right to apply the dividend to the payment of the premium which was due, the insured did not order the application. He elected that the dividend remain with the company. The Court by *Connor, J.,* said: "In view of the express provisions of the contract between the insured and the defendant, as clearly and plainly expressed in the policy, the defendant had no right, in law or in equity, to apply the dividend declared prior to 11 May, 1930, and due at said date, as a payment on the semiannual premium due on 11 May, 1930, or to the purchase of extended insurance. If in

violation of its contract with the insured, with respect to this dividend, the defendant had so applied it, it would have nevertheless been liable to the insured for the amount of the dividend, with interest, when called upon by him for its payment. There is no principle of law or equity upon which the defendant can be held liable to the plaintiff because after the death of the insured within the time for which the policy would have been extended, if the insured had directed that the dividend be applied to the purchase of extended insurance, it appeared that such application would have been to the interest of the plaintiff, as beneficiary in the policy."

A like conclusion is concisely stated by the Supreme Court of the United States in an opinion delivered by *Chief Justice Hughes* in *Williams v. Union Central Life Insurance Company* (decided 15 January, 1934), in which a similar question was considered: "If after the lapse (of the policy) and during the life of the insured, the company had attempted to apply that dividend to extended insurance, its action would not have been binding upon the insured and he would have been entitled to demand the cash payment explicitly promised him"—among other cases citing with approval *Gardner v. Ins. Co., supra.* In this opinion *Chief Justice Hughes* further observed: "While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally important, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language, and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations."

The decisions cited in the appellant's brief are not applicable to the facts in the case before us. Judgment

Affirmed.