### MRS. ELIZABETH S. PACE v. NEW YORK LIFE INSURANCE COMPANY, A CORPORATION.

(Filed 30 April, 1941.)

1. **Insurance § 36g—Where facts are admitted, determination of expiration date of extended term insurance by construction of policy is question of law.**

   Where the sole question in issue is the expiration date of paid-up extended term insurance purchased after lapse of the policies with the balance available therefor after deducting amounts due on lien notes, in accordance with the policy provisions, it being admitted that the computation by insurer of the amount and the length of the extended term is without error, the determination of the expiration date of the extended term insurance by construction of the language of the policies is a question of law for the court and not an issue of fact for the jury, and the court may properly direct the verdict which should be rendered.

2. **Insurance § 30e—Held: Under terms of policies, extended term insurance must be computed on basis of effective date of policies and not dates of delivery.**

   Each application for the policies in suit stipulated that the insurance applied for therein should not take effect unless the first premium was paid and the policy delivered, but that the policy, when issued, should relate back to the date of the first application. The policies issued stipulated the date of the first application as the effective date of both poli-

cies, and that annual premiums should be due on the anniversaries of the effective date. Upon lapse of the policies for nonpayment of premiums, paid-up extended term insurance was purchased in accordance with the terms of each policy. Insured died three days after the expiration of the extended term, if computed on the basis of the effective date stipulated in the policies, but within the extended term if computed on the basis of the dates the policies were delivered and the first premiums paid. *Held:* Under the express provisions of the policies and the applications, the extended term must be computed on the basis of the effective date of the policies as therein stipulated notwithstanding the reservations that the insurance should not be effective until the policies were delivered and the first premium on each policy paid, and a directed verdict that plaintiff beneficiary is not entitled to recover on the policies is without error. *Wilkie v. Ins. Co.,* 146 N. C., 513, cited and applied.

**3. Insurance § 32d—**

Where a twenty-year-pay life insurance policy is lapsed for nonpayment of premiums before the expiration of the twenty-year period, and paid-up extended term insurance is purchased under the provisions of the policy, insured is not entitled to the options provided in the policy for those who have paid all premiums for the full twenty-year period, nor to share in the dividends or profits accruing after the lapse of the policy.

**4. Insurance § 13b: Courts § 11—**

A contract of insurance based upon the application of insured made while residing in this State, must be construed in accordance with the laws of this State rather than the laws in force at the time of the inception of the contract in the state in which insurer is incorporated. C. S., 6287.

APPEAL by plaintiff from *Bone, J.,* at January Term, 1941, of WAKE. No error.

Separate actions upon two policies of insurance issued by defendant upon the life of William H. Pace, now deceased, were consolidated for trial. Under instructions from the court there was verdict for defendant, and from judgment thereon plaintiff appealed.

*Wilbur H. Royster and Arthur I. Ladu for plaintiff, appellant.*
*Pou & Emanuel for defendant, appellee.*

DEVIN, J. The proofs were entirely documentary and there was no controversy as to the material facts. The questions at issue involved the construction of insurance contracts between insured and defendant, and the legal effect of the failure of the insured to pay the premiums on the policies since 26 August, 1921. The only exception noted by the plaintiff was to the ruling of the court and the instructions to the jury that the insurance was not in force and effect at the time of the death of the decedent, 4 January, 1940.

From the insurance policies, the applications for insurance, correspondence, and stipulations of counsel, we summarize these pertinent facts. On 26 August, 1905, William H. Pace made written application to the defendant for a twenty-year dividend-accumulation policy in the sum of $2,000. This application contained these words:

"I agree, on behalf of myself and of any person who shall have or claim any interest in any policy issued under this application, as follows: . . . 2. That in any apportionment or distribution of profits, the principles and methods which may be adopted by the Company for such apportionment or distribution, and its determination of the amount equitably belonging to any policy which may be issued under this application, shall be conclusive upon the Insured under said policy and upon all parties having or claiming any interest thereunder. 3. That the insurance hereby applied for shall not take effect unless the premium is paid and the policy delivered to me during my lifetime, and that, unless otherwise agreed in writing, the policy shall then relate back to and take effect as of the date of this application."

Thereupon the policy was issued accordingly, and delivered in due course some ten days later. The policy recited: "This policy takes effect as of the Twenty-sixth day of August, Nineteen Hundred and Five. This agreement is made in consideration of the sum of Sixty Dollars and Sixty-two Cents, the receipt of which is hereby acknowledged, constituting payment for the period terminating on the twenty-sixth day of August, Nineteen Hundred and Six, and in further consideration of the payment of a like sum on said date, and thereafter on the Twenty-sixth day of August in every year during the continuance of this Policy, until premiums shall have been paid for Twenty years in all from the date on which this Policy takes effect."

Subsequently, on 23 September, 1905, the insured made application for another similar policy in sum of $3,000, stating: "I hereby agree that any policy which may be issued on this application shall be based on the written application for insurance made by me on August 26th, 1905, on which Policy No. 5052732 was issued, and that such policy shall take effect as of the 26th day of Aug. 1905."

Shortly thereafter, in due course, and upon this application, the second twenty-year policy in sum of $3,000 was issued and delivered by defendant to the insured. This policy contained the identical provisions with the first policy, except in amount, that the policy should take effect 26 August, 1905, and fixing 26 August, annually thereafter, as the premium due date during the continuance of the policy, "until premiums shall have been paid for twenty years in all from the date on which this policy takes effect."

Insured paid the premiums on both policies up to and including the due date in 1921, and paid no premiums thereafter. At the time insured failed to pay the premiums due 26 August, 1922, his lien notes to the defendant in the aggregate sum of $797 (given for the premiums in 1915, 1916, 1917, 1920, and 1921) were due and unpaid. Upon the failure of insured to pay the premiums due 26 August, 1922, the amount of the lien notes was deducted from the sum otherwise available for the purchase of insurance in event of nonpayment of premiums, and the balance was used to purchase paid-up extended term insurance of about $4,200 for a period of 17 years and 128 days. The insured was notified 19 January, 1923, that pursuant to the terms of the contract his insurance in the amount stated was extended for that period. Upon inquiry by insured in January, 1939, he was again advised of the exact period of extended insurance and of the amount payable if death should occur not later than 1 January, 1940, and that if he survived the end of the period the policy would have no value. The insured died 4 January, 1940, three days after the period of extension had expired.

By written stipulation, appearing in the record, it was agreed in effect that by reason of the failure of deceased to pay the premiums due for the year 1922, the policies lapsed, and that "in accordance with the terms of said two policies" the lien notes were satisfied by deducting the amount thereof from the sum available for the purchase of insurance in the event of nonpayment of premiums when due, and the balance was used to purchase "paid-up extended term insurance under each policy." The computation of the amount and of the length of the extended term, for a period of 17 years and 128 days, was agreed as correct.

Upon this undisputed documentary and written evidence and the stipulation of facts agreed, it is apparent that, unfortunately for the plaintiff, the policies of insurance sued on had ceased to have any value at the time of the death of the decedent, and that there was no error in the instructions of the court below to the jury to answer the issue accordingly. In this situation the case presented a question of law rather than an issue of fact.

The facts in this case are strikingly like those in *Wilkie v. Insurance Co.*, 146 N. C., 513, 60 S. E., 427. In that case a similar twenty-year policy was issued 2 December, 1901. The policy contained provisions designating the end of the accumulation period as 22 November, 1921, and fixing 22 November in each year as the due date for the payment of premiums. After two full premiums were paid, insured in that case made no further payment and the policy lapsed. By the terms of the policy insurance was automatically continued for two years and two months, and no longer. The insured died 26 January, 1906. It was contended that the period of two years and two months should be com-

puted from 2 December, 1903 (the anniversary of the date of delivery of the policy), and that this would show the insurance in force until 2 February, 1906. But the Court held that the extension period must be computed from the date stipulated in the contract of insurance, that is, 22 November, and that the period of two years and two months from 22 November, 1903, expired 22 January, 1906, four days before the death of the insured. As the policy was automatically continued in force for two years and two months "from the date to which premiums were duly paid," the Court said: "The question, then, is presented, to what date had premiums been fully paid, under the terms of this policy? Manifestly, as we read the contract, and in view of the law applicable to such cases, to 22 November, 1903. . . . In view of the plain language of the policy, it can make no difference that the policy was not issued until 2 December, 1901. We find this provision in the policy: 'This agreement is made in consideration of the sum of $63.66, the receipt of which is hereby acknowledged, and of the payment of a like sum on 22 Nov. thereafter, in every year during the continuance of this policy, until twenty full years premiums shall have been paid.'"

The case of *Wilkie v. Insurance Co., supra,* has been cited by courts in other jurisdictions where cases based on similar facts were under consideration. *Timmer v. Ins. Co.,* 222 Iowa, 1193; *Harvey v. Ins. Co.,* 45 F. (2), 78; *McCampbell v. Ins. Co.,* 288 F., 465; *Shira v. Ins. Co.,* 90 F. (2), 953; *Ins. Co. v. Matthews,* 33 F. (2), 899; *Ratliff v. Ins. Co.,* 87 F. (2), 965; *Ins. Co. v. Wheeler,* 265 Ky., 269. We think it apparent that the *Wilkie case, supra,* is generally regarded as stating the rule established in North Carolina, and that it has been followed by other courts in cases involving similar facts.

The plaintiff has endeavored to differentiate this case from the *Wilkie case, supra,* but we are constrained to hold that case controlling on the facts presented by the record here. The contention that the period of 17 years and 128 days should be computed from the date of delivery of the policies is met by the very terms of the applications and policies. To uphold this contention would result in making a contract which the parties, themselves, did not make. The fact that the policies were delivered and the first premiums paid on subsequent days did not change the due date of the premiums as fixed by the express words of the contract. The cases cited by plaintiff in support of her contention, in the main, are grounded upon the construction given the clauses in the contracts considered which provide that the insurance shall not be effective until the policy is issued and delivered by the Company and the first premium thereon paid in full. This is held, under the facts in some cases, to determine the date for the payment of subsequent annual or quarterly premiums, rather than the date mentioned in the policy. *Newman v.*

*Ins. Co.*, 7 S. W. (2), 1015; *Bigalke v. Ins. Co.*, 34 S. W. (2), 1019; *Ins. Co. v. Stewart*, 237 F., 70; *Halliday v. Assurance Society*, 209 N. W., 965; *Stramback v. Ins. Co.*, 94 Minn., 281. But we do not think this rule should be applied to the facts in the case at bar, where there was an express agreement fixing a definite date upon which the policy should take effect and the annual premiums should be paid.

The general rule, as declared in *Wilkie v. Insurance Co., supra,* and supported by the weight of authority in other jurisdictions, is that where a policy expressly specifies the date on which it is to take effect and the date on which recurring premiums are due and payable, such date must be held controlling, regardless of the date on which the policy is delivered, and notwithstanding the reservation that the insurance is not effective until the policy is delivered and the first premium paid. *McConnell v. Life Assurance Society*, 92 F., 769; *Wilkinson v. Ins. Co.*, 176 Ky., 833; *Ins. Co. v. Wheeler*, 265 Ky., 269; *Wolford v. Ins. Co.*, 114 Kan., 411. Numerous cases on this point are collected in the annotation in 6 A. L. R., 774, and 32 A. L. R., 1253. The plainly expressed provisions of the contract must be upheld. *Harden v. Ins. Co.*, 206 N. C., 230, 173 S. E., 617.

The particular provisions of the policies sued on and the agreements entered into between the insured and the company, as expressed in the applications and policies, sustain the position of the defendant that the extension period of 17 years and 128 days must be computed from 26 August, 1922, and that it terminated before the death of the insured.

It is apparent also that the insured was not entitled to the options open to those who paid all the premiums for twenty years, nor to share in the dividends or profits accruing after the lapse of his policies, for it is expressly stated in the face of the policy that these are applicable only if the insured is living at the end of the period, and "if the premiums have been duly paid, and not otherwise." *McCampbell v. New York Life Ins. Co.*, 288 F., 465; *Orange v. Mutual Benefit Life Ins. Co.*, 199 Ky., 429.

Under the provisions of C. S., 6287, this contract of insurance, based upon the application of the insured, who was then residing in the city of Raleigh, must be construed in accordance with the laws of North Carolina rather than those of New York in force at the time of the inception of the contract.

We have been aided in the consideration of this case by the able briefs of counsel who, with their usual diligence, have collected and analyzed numerous decisions from other courts on the questions here involved.

Upon the uncontroverted facts shown by the record in the case, we think the court's instructions to the jury on the issue submitted must be upheld, and in the trial we find

No error.