THE AVENGER.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1918.)

No. 3105.

1. WORK AND LABOR ☞14(2)—QUANTUM MERUIT—BREACH OF SALVAGE CONTRACT.

A salvor may recover on a quantum meruit for services rendered under an express contract which was not performed, where full performance was prevented by the wrongful act of respondent, and the profits which would have resulted from full performance are not legally ascertainable.

2. SALVAGE ☞16—CONTRACT—RIGHT TO EXTENSION OF TIME—"SATISFACTORY PROGRESS."

Under a contract to salvage a sunken ship within 60 days, with privilege of 30 days' extension, if satisfactory progress had been made, the progress was satisfactory, if it gave reasonable assurance that the work could be completed within the 30 days' extension.

Appeal from District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Suit in admiralty by the Bisso Towboat Company against the ship Avenger; W. B. Gillican, claimant. Decree for respondent, and claimant appeals. Reversed and remanded.

See, also, 251 Fed. 23, —— C. C. A. ——.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry T. Smith and Wm. G. Caffey, both of Mobile, Ala., and John D. Grace, of New Orleans, La., for appellant.

Palmer Pillans, of Mobile, Ala., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from an order of the District Court sustaining exceptions to the libel, as amended, and dismissing the cause upon libelant's declining to plead further.

The libel seeks to recover for salvage services rendered the ship Avenger, which had lain stranded for years upon the shore of Chandelieur Island, by the appellant, under a contract between the appellant and the owners of the Avenger. The contract provided that the stranded ship should be floated and delivered to the owners at Mobile within 60 days, with a provision for an extension of 30 days, if satisfactory progress had been made in the work. The contract was on a "no cure, no pay" basis. The appellant entered upon the work and dug a channel 2,220 feet long, through which to float the ship, but failed to float the ship within the stipulated 60 days, and the appellee declined to grant an extension. The ship was afterwards floated by other salvors under a similar contract, who made use of the channel dug by the appellant. The libel seeks to recover the reasonable value of the work done by libelant as salvage service, and, in the alternative, for damages for the breach of the salvage contract, in that it was not allowed the additional 30 days, provided for by the contract in the event the progress of the work was satisfactory, to complete its contract and earn the stipulated compensation for so doing.

The exceptions to the libel assail it as being in the alternative, seeking a recovery both on a quantum meruit basis and for breach of an express contract. If alternative relief may be sought in admiralty pleading, then it is asserted that each alternative ground for recovery must be good, and that in the libel in this case neither alternative presents a good cause of action. It is contended that recovery cannot be had upon a quantum meruit, in the presence of an express and unperformed contract under which the work was done. It is also contended that recovery cannot be had for the breach of the express contract, because it was unperformed within the original 60 days, and the extension of 30 days was rightfully denied the appellant, since, by a proper construction of the contract, satisfactory progress was progress satisfactory to the appellee, and his expression of dissatisfaction was final, unless dishonestly entertained. We think the case of The Emily, 9 Wheat. 381, 6 L. Ed. 116, is authority for seeking alternative relief in a libel in admiralty, in cases where each alternative is sufficient.

[1] It is true as a general rule that one cannot proceed upon a quantum meruit for the recovery of the value of work done under an unperformed express contract. The rule is not without exceptions. The case of The Bayamo, 171 Fed. 65, 96 C. C. A. 1, 17 Ann. Cas. 1156, by this court, furnishes one. In that case, the salvor was permitted to recover the value of services, done under a "no cure, no pay" agreement, where the ship was floated by other salvors subsequently em-

ployed by the master, and in which there was no performance by the original salvors. The fact that in that case the ship was agreed by the original salvors to be floated in a reasonable and not a fixed time cannot differentiate that case from this. If a reasonable time had elapsed before the second salvors were employed by the master, the contract had been broken by the original salvors, and no recovery on it or upon a quantum meruit could have been had. If a reasonable time had not elapsed, the master wrongfully terminated the first salvors' contract, and the case is in the identical attitude that this case is, and is an authority for entertaining the libel in its first aspect. There was no performance of the express contract, and yet the recovery of a reasonable salvage service was permitted.

There is also a line of cases that permit a recovery by a contractor for expenses incurred or work done towards the completion of a contract, broken by the other party to it, by wrongfully preventing its full performance, where the value of the contract—i. e., the profits that would have resulted from its complete fulfillment—are impossible of legal ascertainment. Ankeny v. Clark, 148 U. S. 345–352, 13 Sup. Ct. 617, 37 L. Ed. 475; United States v. Behan, 110 U. S. 338–344, 4 Sup. Ct. 81, 28 L. Ed. 168.

We are therefore not prepared to say that under no circumstances could the libelant recover for the value of the services actually rendered, as set out in the first eight paragraphs of the libel upon a salvage basis. If a recovery were allowed upon a quantum meruit, the compensation fixed by the contract would, however, measure and limit such recovery. It is also true that, in the absence of controlling and exceptional circumstances, the recovery for being wrongfully prevented from completing an express contract, is the value of the contract, when completed, to the contractor, if that value is legally ascertainable, which is the profit he would have made by its performance. In this case, it would be the compensation fixed by the contract itself, less the amount the appellant would have been required to pay out to have fully performed it.

The appellee contends that no recovery could be had for the breach of the contract, because it was rightfully terminated by him. The contract contained this provision:

"It is mutually understood and agreed that the period allowed the contractors, the Bisso Towboat Company, for the salvage of the ship, is limited to sixty (60) days from the date hereof, at the expiration of which time cancellation of this contract is optional with both parties, excepting, however, if satisfactory progress has been made in the work, an extension of thirty (30) additional consecutive days will be granted."

The libelant is alleged to have completed the artificial channel within the 60 days, and had arranged to procure pumps with which to take the water and sand from the ship, with appellee's consent. Upon applying for an extension before the expiration of the original period, it was refused by appellee, and the contract terminated by him on the expiration of the original period. Appellee contends that the proper construction of the contract was that the progress of the work should be satisfactory to him, to entitle appellant to an extension, and that his

dissatisfaction could be questioned only if fraudulent. Appellant's contention is that "satisfactory progress" meant progress that would have been satisfactory to a reasonable man, or a rate of progress such as a reasonable man would have maintained in doing the work.

The authorities recognize two classes of cases, in applying the principle governing the construction of such a term in a contract. Where the promise is to perform a service to the satisfaction of the promisee in matters of taste or fancy, the promisee is the sole judge as to whether he is satisfied; even though his decision is capricious and arbitrary, it is final. In matters not involving fancy or taste, the promisee is not permitted to decide arbitrarily and capriciously, but after the manner of a reasonable man. In the former class of cases there is no other standard of satisfactoriness than the promisee's whim, and that is necessarily controlling. In the latter class, there is a standard susceptible of proof and outside of the mind of the promisee, namely, what would give satisfaction to a reasonable man. The utility of performance of a machine can be shown, independently of the mental state of the buyer; and if its performance would be satisfactory to a reasonable man, it is held to be satisfactory to him, though he may contend to the contrary. Where satisfactory performance can be shown, extraneously of the buyer, by a definite standard, this will take the place of any arbitrary right on the part of the buyer to reject. Every contract is to be allotted to its proper class by its peculiar subject-matter and terms. We think the rate of progress of the work provided for by the contract in question should be treated as coming under the last-mentioned class. What would be a satisfactory rate of progress for work of that character could be proven by the time that would be required to accomplish it by a competent contractor with a reasonable force working with ordinary diligence.

[2] Propositions of this sort are being constantly submitted to and decided by the courts. The contract itself provides a criterion of satisfactoriness. If the work had so far progressed, at the time the extension was applied for, as to make it reasonably certain that it could be completed and the ship floated within the additional 30 days, we think the contract shows that the parties contemplated that this would be considered by them a satisfactory rate of progress for the work. Otherwise, the insertion of the 30-day privilege would have been without purpose. In view of the character of the work, which was the subject-matter of the contract, and the privilege of an extension of a fixed period, provided for in it, we conclude that it belongs to the class where "satisfactory" is the equivalent of "reasonable," and that the parties have themselves defined what should be considered reasonable, namely, a performance within 90 days, if the rate of progress at the end of 60 days assured a complete performance within 30 days thereafter. Entertaining this opinion, it follows that the exceptions to the libel should have been overruled, and the appellant permitted to establish by proof, if it could, that the work was progressing, when the extension was applied for, in a way that would assure with reasonable certainty its completion within an additional 30 days.

The decree sustaining the exceptions and dismissing the libel is reversed, and the cause remanded for further proceedings in conformity with this opinion.