Central Mutual Insurance Company of Chicago, Appellee, v. Saint Paul Mercury Indemnity Company of Saint Paul, Appellant.

Gen. No. 39,460.

Heard in the first division of this court for the first district at the April term, 1937. ▮▮▮▮▮ Opinion filed June 28, 1937.

LORD, LLOYD & BISSELL, of Chicago, for appellant; A. C. WETTERSTORM and GORDON R. CLOSE, both of Chicago, of counsel.

LLOYD C. WHITMAN and MORTON JOHN BARNARD, both of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit to recover $15,000 deposited by it with defendant as cash collateral to two public liability bonds issued by defendant at the request of plaintiff; upon trial by the court judgment was entered against defendant for $15,000 and it appeals.

No witnesses were produced upon the trial and the case was tried upon the statements of respective counsel as to the undisputed facts and upon documents, letters and a written stipulation of facts.

Barnwell Bros. Inc. and the Brooks Transfer & Storage Co. were engaged in the trucking business in the State of Virginia; it was necessary for them, in order to operate, to deposit public liability bonds with the secretary of State; these concerns were customers of plaintiff, who was not licensed to write such bonds in Virginia. Defendant was licensed and at plaintiff's request wrote the necessary bonds for each of these companies. The bonds, dated November 22, 1934, recited that the trucking company as principal and the defendant as surety were bound to pay all damages for injury to persons or property for which the trucking company might become legally liable, to the extent of $11,000 in each bond; for the purpose of indemnifying defendant in connection with the issuance of these bonds, plaintiff deposited with defendant $15,000 as collateral security.

October 12, 1935, defendant notified the Commonwealth of Virginia that 30 days from that date these bonds would be terminated; pursuant to this the bonds were terminated November 13th. November 22nd plaintiff wrote to the Chicago agent of defendant company with reference to the return of the $15,000 collateral, offering, if this were returned, to "indemnify or pay to the St. Paul Mercury Indemnity Company any and all losses which they may suffer and all costs in connection therewith, should they be called upon to pay or should they be held liable for any losses whatsoever in view of their having filed in the State of Virginia on our behalf." December 2nd defendant's agent reported to plaintiff that defendant had written that "we were not in a position to return this collateral until we are furnished with evidence that there are no claims pending or any circumstances existing which might result in a claim under these bonds, and . . . we certainly do not think we should be asked to return what we have until such time as we are satisfied that

our actual liability has terminated." To this plaintiff replied on December 11th: "Please be advised that there are no outstanding claims on which you may be called upon to pay, nor any existing circumstances existing known to us which may result in a claim under these bonds. Therefore, we must insist upon the return of our collateral." Defendant made no reply to this and the present suit, commenced April 2, 1936, followed.

It is asserted as a defense that under the terms of the written agreement between the parties herein, with reference to the deposit of the collateral, it is provided:

"That the Surety shall have the right in its discretion to retain said collateral, any substitutions therefor, and additions thereto or the proceeds of such collateral, substitutes and additions until the Surety shall have received satisfactory evidence of the termination of liability on account of executing or procuring the execution of obligations of Guaranty or Suretyship as hereinbefore referred to, . . . and when these conditions shall have been fulfilled, the remainder of said collateral . . . shall be returned to the depositor upon surrender of this instrument."

Defendant argues that plaintiff did not furnish defendant satisfactory evidence of the termination of its liability. Both counsel cite a number of cases in which the meaning of the word "satisfactory" has been construed. It is sufficient to say that these cases held in substance that the word means adequate and sufficient to convince a reasonable person. *The Avenger*, 251 Fed. 19.

It is not necessary to rest our decision on any refined definition of this word for we are of the opinion that defendant, by refusing to inform plaintiff as to what evidence of nonliability would satisfy it, waived any right to require more than that already furnished

it by plaintiff. Defendant made no reply to plaintiff's letter offering to indemnify defendant for all loss it might suffer nor to plaintiff's written assurance that there were no claims or circumstances existing which might give rise to any claims upon the bonds. Defendant in its brief in this court suggests that plaintiff should have furnished defendant with affidavits of the employees or officers of the trucking companies supporting plaintiff's letter. This is evidently an afterthought. If this would have satisfied defendant why did it not so inform plaintiff when plaintiff was requesting the return of the collateral?

That defendant did not require any other evidence and did not refuse to return the collateral because of any insufficiency in the offers and statements by plaintiff is confirmed by the statements of counsel for defendant upon the trial; there they clearly took the position that defendant relied upon the Virginia statute of limitations and was unwilling to return the collateral until after the five-year period of limitation for bringing suits had expired. Defendant having claimed this right cannot now in this court take the position that the evidence offered by plaintiff as to the termination of its liability was not satisfactory to it.

It needs little or no argument to establish the conclusion that defendant cannot claim the right to retain the collateral throughout the period of the statutory limitation. There is no provision in the agreement between the parties touching the collateral which contemplates holding it for such a long period of time, and in the absence of any such agreement it would be unjust to permit this. By the same argument defendant could claim the right to retain the collateral for a further period of 21 years on the ground that a minor might have been injured and would have until he attained his majority to bring suit; and also there might

be the possibility that an insane person was injured and would have a lifetime within which to make claims, if the Virginia law in these respects is the same as it is here. Defendant cannot go beyond the provisions of the contract with plaintiff, which provides for the return of the collateral upon certain conditions which were shown by plaintiff to exist and to which defendant made no objections. We hold that this defense presented by defendant cannot be upheld.

Plaintiff also says that defendant agreed to keep its liability bonds in force for one year and that it terminated them on November 13, 1935, which was prior to the expiration of one year; hence, having thus breached its contract with plaintiff it is not entitled to retain the collateral.

There was no provision in the bonds that they should be in force for any specified term. Under such conditions it has been held that such agreements may be terminated at the will of either party. *Joliet Bottling Co. v. Joliet Citizens' Brewing Co.*, 254 Ill. 215, 219. Defendant argues that under this rule it had the right to terminate the bonds prior to the expiration of one year. Plaintiff replies that there was an agreement between the parties to keep them in force for one year; that this is evidenced by the premium paid, which was at the annual rate for such types of bonds. It would seem to follow that as plaintiff paid for one year's indemnity it was entitled to receive it. In 32 Corpus Juris, sec. 277, p. 1165, it is said that a construction which gives insurance for a less period of time than that covered by the premium paid should not be adopted. See also *Johnson v. American Cent. Life Ins. Co.*, 212 Mo. App. 290.

On the trial plaintiff introduced a copy from defendant's records touching the bonds in which it is noted that they were effective from November 22, 1934, to

November 22, 1935, a period of one year. Defendant argues that this was inadmissible as it is a mere memorandum, not signed on behalf of either plaintiff or defendant. Inspection of the document shows that it is on a printed form with defendant's name at the top, and purports to be signed by the general agent of defendant in Chicago and also by the president of plaintiff company. The document was admissible and in connection with the premium paid tends to support plaintiff's contention that defendant agreed to keep the bonds in force for one year after date, and that defendant has breached its contract in this respect.

We hold that defendant waived any production by plaintiff of additional evidence of nonliability of defendant on its bonds, and that it cannot retain the collateral until the statutory period of limitations for bringing suits in Virginia has expired and that the judgment is proper, and it is affirmed.

*Affirmed.*

O'Connor, P. J., and Matchett, J., concur.