MARILYN C. EWOLDT, APPELLANT, V. AMERICAN NATIONAL INSURANCE COMPANY, A CORPORATION, APPELLEE.

207 N. W. 2d 521

Filed May 25, 1973. No. 38777.

Walter C. O'Neal, Jr., for appellant.

Luebs, Tracy, Huebner, Dowding & Beltzer and D. Steven Leininger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action on a life insurance policy issued by defendant on the life of Gary L. Ewoldt, husband of plaintiff, under which plaintiff is the beneficiary. Summary judgment was entered for defendant. We affirm.

Premiums on the policy were payable monthly and the policy lapsed due to failure to pay premiums. The policy provided: "8. REINSTATEMENT. If this policy has not been surrendered for its cash value, application for reinstatement may be made to the Company at any time within five years after lapse, upon (a) presentation of evidence of insurability, satisfactory to the Company (b) payment of all overdue premiums with interest at the rate of 5% per annum and (c) payment or reinstatement of any indebtedness to the Company which existed at the time of lapse, with interest at the rate of 5% per annum."

After the policy had lapsed, the insured decided to reinstate the policy. He forwarded delinquent premiums and a signed application blank for reinstatement to defendant's agent. The application was not filled out and no evidence of insurability was supplied. The application was signed and mailed to defendant's agent in Denver, Colorado, on February 23, 1968. Insured was killed in an automobile accident on February 25, 1968. Defendant's agent was absent from his office for several days but on his return on February 29, 1968,

he found the premium check and the signed application for reinstatement. Whether or not it had been delivered prior to insured's death cannot be determined. It was later filled out and forwarded by the agent to defendant which refused to reinstate the policy and refused payment.

Under the terms of the contract of insurance, when a premium remained unpaid at the end of the 31-day grace period, the policy became void but remained subject to reinstatement as above noted. Insured's right to reinstatement was not absolute. In addition to complying with the other provisions contained in the reinstatement clause, insured was required to present evidence of insurability which was "satisfactory to the company." This provision conforms to the requirements of section 44-502 (11), R. R. S. 1943.

The provision in the policy for reinstatement represents a valuable contract right which survives a lapse of the policy and which an insurer cannot arbitrarily condition or deny. See Schiel v. New York Life Ins. Co., 178 F. 2d 729 (9th Cir., 1949).

In acting upon an application for reinstatement an insurer may not act capriciously or unreasonably. See Sunset Life Ins. Co. of America v. Crosby, 85 Idaho 407, 380 P. 2d 9.

The purpose and effect of statutory and policy provisions requiring an application for the reinstatement of a lapsed policy is to permit the insurer to reexamine the risk it is considering reinsuring. See Siegel v. Continental Cas. Co., 27 Ill. App. 2d 290, 169 N. E. 2d 587.

A requirement, for reinstatement of a life policy, that satisfactory evidence of insurability be presented is a part of the contract of which insurer is entitled to performance. Reed v. Washington Nat. Ins. Co., 6 Ill. App. 2d 49, 126 N. E. 2d 517.

Upon receipt of a reinstatement application, an insurer has the right to require further evidence of insurability or to agree to reinstate the policy on the basis

of the information in the application itself, but in either event, reinstatement is never effectuated until the insurer acts on the application. See, Siegel v. Continental Cas. Co., *supra;* Hogan v. John Hancock Mut. Life Ins. Co., 195 F. 2d 834 (3d Cir., 1952); Home Fire Ins. Co. v. Kuhlman, 58 Neb. 488, 78 N. W. 936.

In the present instance the insured failed to supply any evidence of insurability whatsoever to the defendant's agent. In fact, he did not furnish even an application for reinstatement but simply signed a blank form of reinstatement application which was filled out after the insured's death by the agent. Insurer had no opportunity, prior to insured's death, to determine the question of insurability or to accept or reject the application. It is obvious there would be no reinstatement of a policy on a man already deceased as there was then a complete lack of the element of insurability. It is not contended that defendant at any time consented to a reinstatement of the policy.

The judgment of the District Court is affirmed.

AFFIRMED.