William F. Forch et al., Appellees, v. Western Life Indemnity Company, Appellant.

Gen. No. 15,283.

INSURANCE—*when policy lapses for failure to pay second annual premium.* A policy of life insurance dated June 3, 1907, contained the following provisions, among others: That the contract is made in consideration of the payment of premiums therein provided for "being the premium for term insurance for the period terminating on the 3d day of June, 1908, and in further consideration of the payment on said last named date to this company at its home office in the city of Chicago as the premium for whole life insurance, of the sum of $122.56 and a like sum annually thereafter on or before the third day of June in every year during the continuance of this contract." Said policy contained the additional provision: "This policy shall not take effect until the first payment shall have been actually paid during the lifetime and sound health of the insured." It appeared that the policy

was not delivered until the 6th day of June, 1907. *Held*, that failure to pay the second annual premium on the 3rd day of June, 1908, caused the lapse of said policy.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded with directions. Opinion filed October 20, 1910.

THOMAS J. GRAYDON, for appellant.

BURKE, JACKSON & BURKE, for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from the judgment of the Municipal Court upon a policy of life insurance issued to Matilda Forch, the mother of appellees. The trial court sustained a general demurrer to a special plea filed by the defendant company. The latter elected to stand by its special plea and judgment was entered against it for $3,000, the amount claimed to be due under the terms of the policy.

The policy in question was executed and dated June 3, 1907, upon an application by Matilda Forch dated May 23. The declaration alleges that the policy was not however delivered to the insured until June 6, 1907, three days later than the day of its execution and date. The policy by its terms insures the life of Matilda Forch for $3,000; and further provides that the contract is made in consideration of the application made a part of the contract, and of the payment of premiums therein provided for, "being the premium for term insurance for the period terminating on the third day of June, 1908, and in further consideration of the payment on said last named date to this company at its home office in the city of Chicago as the premium for whole life insurance, of the sum of one hundred twenty-two dollars and forty-six cents and a like sum annually thereafter on or before the third day of June in every year during the continuance of this contract."

The declaration sets out *inter alia* the policy in full and alleges the first annual premium was paid by the insured on the 6th day of June, 1907, and that the policy "was then and there on the 6th day of June, 1907, delivered to Matilda Forch by said defendant" and thereby the policy became and was in full force and effect for the term of one year from the 6th day of June, 1907; that the insured died on the 6th day of June, 1908. The defendant's special plea to which the demurrer in question was sustained and upon which defendant elected to stand, sets out among other things that, "it was expressly provided that said policy and contract for insurance was made in consideration of the payment to the defendant by said Matilda Forch of the sum of one hundred twenty two dollars and forty-six cents on the third day of June, 1908, as the premium on said policy for whole life insurance from that date;" and that by the terms of the policy it was provided that if any premium or any indebtedness secured by said policy should not be paid when due, the policy should thereupon cease and determine; that said insured did not, nor did any one for her, pay the said premium nor any other amount on said June 3, 1908, or at any other time thereafter; and it is averred that by reason of default in so doing, said policy by its express terms terminated and ceased to be in force and effect from and after June 3, 1908, and was not in force at the time of the death of the insured on the 6th day of June, 1908. It is contended that the trial court erred in sustaining plaintiffs' demurrer to this plea.

The question to be determined is whether the premium paid by the insured to the defendant on the 6th of June, 1907, when the policy was delivered to her by the defendant, kept the policy alive in full force and effect until and including June 6, 1908, the date of her death. It is contended in behalf of defendant "that the policy is unambiguous, is capable of but one reasonable construction giving effect to all its parts, and specifically provides that the initial payment of $122.46 was a premium for the period terminating June 3, 1908; and that in order to continue the insurance after such latter date a further payment of $122.46 was required un-

qualifiedly on June 3, 1908, in default of which latter payment the policy by its express terms thereupon ceased and determined."

The application of the insured which is by the terms of the policy made a part of the contract contains the following:

"This application made to the Western Life Indemnity Company of Chicago, is the basis and a part of a proposed contract for insurance, subject to the charter of the company and the laws of the State of Illinois. I hereby agree that all the foregoing statements and answers and all those that I make to the company's medical examiner in part two of this application are by me warranted to be true, and are offered to the company as a consideration of the contract, which I hereby agree to accept, and which shall not take effect until the first premium shall have been paid, during my continuance in sound health, and the policy shall have been executed and issued by the company."

The policy under the head of "Benefits, stipulations and conditions," which are also by the terms of the policy made a part of the contract, contains the further statement that "this policy shall not take effect until the first payment shall have been actually paid during the lifetime and sound health of the insured." On the other hand the policy states that the first premium paid is "the premium for term insurance for the period terminating on the third day of June, 1908," and provides for "a like sum annually thereafter on or before the third day of June in every year during the continuance of this contract." The policy therefore did not take effect until payment of the first annual premium on June 6, 1907, and the premium then paid was the full annual premium. Defendant maintains that the policy was forfeited by its terms because of the failure to pay the next annual premium on June 3, 1908. This was before the expiration of the year from the date when the policy became effective by payment of the first annual premium June 6, 1907. In McMaster v. N. Y. Life Ins. Co., 183 U. S. 25, a similar question arose. The defendant company's contention in that case was stated by the court as follows: "That the policies expressly required

payment of the annual premiums, subsequent to the first (payable and paid on delivery) on December 12, 1894; that McMaster in accepting them without objection became bound by this requirement and could not plead ignorance thereof resulting from not reading them when tendered; and that therefore these policies were properly forfeited January 12, 1895, being twelve months from December 12, 1893, with a month of grace added." The policies in that case were issued and began to run December 18, 1893. It will be seen that the defendant's contentions in that case were in this respect similar to the contentions of defendant in the case at bar. The court said (p. 40): "To hold the insurance forfeitable for nonpayment of another premium within the year for which payment had already been fully made would be to contradict the legal effect under the applications and policies of the first annual payment." And further, that if the policies were "not in force until December 18th, the date of actual issue, how can it be said that liability to forfeiture accrued before the twelve months had elapsed? The truth is the policies were not in force until December 18th and as the premiums were to be paid annually and were so paid in advance on delivery, the second payments were not demandable on December 12, 1894, as a condition of the continuance of the policies from the twelfth to the eighteenth." But there was another element in that case, which does not exist in the case at bar. There had been an unauthorized interpolation by the company's agent in the application requesting the policy to be dated "same as the application." This was done and the insured was led to suppose the insurance could not be forfeited until after thirteen months from the time it began. The case is reviewed in Rose v. Mutual Life Ins. Co., 240 Ill. 45-53, and the conclusion stated that it "was a case of fraud on the insured;" that "the decision does not tend to support the argument that the premium in this case was not due according to the terms of the policy, there being no claim of fraud, misrepresentation, mistake or accident. The policy provided that the annual premium should be paid on the 23rd day of May in every year during the continuance

of the contract, and in the absence of fraud or mistake both parties were bound by its terms. Tibbitts v. Mutual Benefit Life Ins. Co., 65 N. E. Rep. (Ind.) 1033." So in the case at bar, the policy provided that the annual premium should be paid on or before the 3rd of June in every year during the continuance of the contract and in the absence of fraud, misrepresentation, mistake or accident which are not alleged, both parties were bound by its terms. Plaintiff's counsel cite the case Stinchcombe v. N. Y. Life Insurance Co., 80 Pacific (Oregon), 213. We have examined the case but it does not in our opinion conflict with the views above expressed in view of the facts therein stated, and if it did, the Rose case, stating the law applicable in this State, would still govern.

Other authorities are cited and points presented in the briefs, but in our view the considerations stated are controlling.

The judgment of the Municipal Court must be reversed and the cause will be remanded to that court with directions to overrule the demurrer to the defendant's special plea.

*Reversed and remanded with directions.*