DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1917.

Richard Weber, Appellant, v. Prudential Insurance Company of America, Appellee.

### Gen. No. 22,400.

INSURANCE, § 112*—*when recovery cannot be had on life policy delivered to agent.* Where it was agreed by an applicant for life insurance that the policy should not take effect until it should be issued and delivered by the insurer, while the health of the applicant was in the same condition as described in the application, there can be no recovery on the policy, though the premium thereon was paid the day after the application was made, where it appears that while the policy was thereafter executed by the insurer on the day on which the premium was payable and was returned to the agent, it was not delivered by him to the applicant, though he received it before the latter's death.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 31, 1917. Rehearing denied November 12, 1917.

Felix J. Griffen and Cheney & Evans, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hoyne, O'Connor & Irwin, for appellee.

Mr. Presiding Justice Goodwin delivered the opinion of the court.

Appellant, who sued as the beneficiary of a life insurance policy made out to one Frederick Weber, seeks to reverse a judgment in favor of the appellee insurance company, which was the defendant below. The parties will be referred to as plaintiff and defendant.

The facts in the case, briefly stated, are that Frederick Weber applied for an insurance policy in the amount of $5,000, and in his application stated: "It is agreed that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and the policy shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health is in the same condition as described in this application." This application was made March 7, 1912. On the 17th of that month the applicant, who was a florist, became infected from a rose thorn; on the 21st of the same month the officers of the company executed a policy in consideration of the application, which was made a part of the contract, and the payment of annual premiums of $163.80, payable on the 21st of March of every year. There was evidence that Frederick Weber paid the first premium the day after his application was signed, and obtained a receipt in full from the agent; that the agent apparently received the policy March 23rd, but did not deliver it, and that Frederick Weber died on March 29th, as a result of the infection already referred to. There also was evidence that appellee instructed its agents not to deliver a policy until the agent had ascertained that the insured was still in as good a state of health as at the time the policy was applied for. Appellee made no tender of a return of

the insurance premium to the estate of Frederick Weber, but did, at the trial, make a tender of the same to appellant, but afterwards withdrew it upon the supposition that it should properly have been returned to the estate. The court, who heard the case without a jury, found for the appellee.

Appellant submitted findings to the effect that the policy of insurance was issued when it was mailed to the agent; that the payment of the first year's premium to the agent, the execution of the policy and the act of the appellee in forwarding it to the agent, rendered it a binding obligation. These holdings and others of the same tenor were refused. The difficulty which stands in the way of appellant's recovery on the policy is that the applicant for the insurance expressly stipulated that the policy should never become binding on the company until it had been issued and delivered to him, and this stipulation was incorporated into the policy itself; in other words, recovery is sought upon an instrument which, by its terms, was never to become operative until it had been delivered to the insured, while the evidence shows that such delivery never was made. It would seem that the contract proposed is unfair to the insured in that it puts it in the power of the company to receive the applicant's premium, and, after actually executing the contract of insurance, to withhold the benefit of the insurance and speculate upon the advantages and disadvantages of making delivery. This appears to be particularly inequitable when it is remembered that the insured is charged a premium for insurance from the date the policy is executed, but is, in fact, protected by no insurance until actual delivery of the policy is made. In short, if appellee's theory of the character of the contract is accepted, it convicts itself of an intention to charge the insured for insurance for a period of time during which he receives no in-

surance protection whatever.  Upon a careful consideration of the question, however, we are of the opinion that this inconsistency cannot defeat the intention of the parties so plainly expressed in the policy and application, which is made a part of it.  The applicant, in no uncertain terms, agreed that the policy should not take effect until it was delivered to him.  This agreement was made a part of the policy, and the evidence in regard to instructions to agents clearly shows that defendant acted upon its right to withhold the policy until it ascertained in each case that the applicant was still in good health.  It was apparently not willing to accept applications until they contained that provision.  In these circumstances, we are compelled to conclude that the policy in question never became a binding contract.

The judgment of the Superior Court will, therefore, be affirmed.

*Affirmed.*