(No. 11922.—Judgment affirmed.) .

RICHARD WEBER, Appellant, *vs.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.

*Opinion filed June 20, 1918—Rehearing denied October 2, 1918.*

INSURANCE—*when life insurance policy is not in force.* Even though a contract of insurance will become binding when the application and the first premium are accepted by the company, provided the acceptance takes place while the health of the applicant is in the same condition as described in the application, yet where there is no evidence as to when the application was accepted except the date of the policy, at which time the health of the applicant has so materially changed that ·there is no hope for his recovery, the policy is not in force though it has been received by the local agent for delivery.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

FELIX J. GRIFFEN, and CHENEY & EVANS, for appellant.

HOYNE, O'CONNOR & IRWIN, (JOHN O'CONNOR, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On March 7, 1912, Friedrich Weber signed an application for a policy of insurance for $5000 upon his life and delivered it to an agent of the Prudential Insurance Company of America, appellee, and paid $10 to be applied on the premium. On the next day he paid the full amount of the first year's premium to the agent, who gave him a receipt reciting that Weber had paid the sum of $163.80, to be applied on the policy when issued. On March 12, 1912, Weber was examined by the medical examiner of appellee in the city of Chicago, and the report based on this examination, together with the application, was mailed to the head office of appellee, at Newark, New Jersey. On March 21, 1912, the policy of insurance was issued and mailed to a local superintendent of appellee in the city of Chicago for delivery and was received by him on March 23, 1912. Weber was a florist, residing in the city of Chicago. On March 17, 1912, he called a physician to treat him for an inflammation in his right hand and arm, caused by the pricking of his finger with a thorn. On that day his hand and forearm were badly swollen. The physician visited him twice the next day, and at that time the swelling had increased. On the 19th the physician lanced the finger. On the 20th another physician was called in, and each was of the opinion that there was no chance for Weber's recovery. On the 23d he died. The policy of insurance was never delivered but was returned to the company by the local superintendent in Chicago. Richard Weber, the appellant, is a son of the deceased and was the beneficiary named in the policy. Appellee having refused to pay the policy, appellant brought suit in the superior court of Cook county, Illinois, where the cause was heard by the court without a jury. Judgment was rendered for appellee, and this judgment was affirmed by the Appellate Court for the First District and the cause has been brought here for further review upon a certificate of importance.

The application signed by Weber contained the following clause: "I hereby declare that all the statements and answers in the above questions are complete and true, and I agree that the foregoing, together with this declaration, as well as the statements and answers made or to be made to the company's medical examiner, shall constitute the application and become a part of the contract of insurance hereby applied for; and it is further agreed that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and said policy shall not take effect until the same shall be issued and delivered by the said company and the first premium paid thereon in full while my health is in the same condition as described in this application." It is contended by appellee that by reason of this clause the policy was not in force until it was actually delivered during the lifetime and good health of the insured, whereas the appellant contends that as the premium was paid in full on March 8, the contract of insurance became effective and in force as soon as the application was accepted by appellee, and that an actual manual delivery of the policy was not necessary. When the premium for one year was paid in full by Weber and accepted by the agent on March 8 the provision in the application that the policy should not take effect until the first premium had been paid while the applicant was in good health was satisfied, and the situation was changed to the extent that the application, together with the money accompanying it, constituted an offer on the part of Weber to contract with appellee for this insurance. The contention of appellant that the contract was completed and was in full force upon the acceptance of this offer on the part of appellee is correct, provided it was accepted while the health of the applicant was in the same condition as described in the application.

Appellant contends that the application was accepted on March 12, 1912, at the time the medical examination was completed, and that as the applicant was then in sound

health appellee is liable upon the contract. How or in what way the application was accepted on March 12 appellant does not make clear. On that date the applicant submitted to a medical examination in the city of Chicago, the report of which was forwarded, together with his application and as a part of it, to the home office of appellee, at Newark, New Jersey. It does not appear that the medical examiner had any authority to accept or reject the risk or that he took any action whatever beyond reporting the result of his examination. It is not shown that anyone except the officers of appellee at the home office had the power to pass upon and accept or reject applications for insurance, and from all that appears in this record this risk was passed on at the home office after the application had been forwarded from Chicago, subsequent to the medical examination on March 12. The only evidence as to the time when the application was accepted is the date of the policy and the fact that it was issued upon its date—March 21. The contract would then have become in force had the applicant's condition of health been the same as when he made his application. The fact is that his health had not only become seriously impaired, but on that date it had become apparent that there was no possibility of his recovery and that he was about to die. Under the provisions of the clause of the application above set out the contract of insurance never was in force and appellee was not liable for the amount of the policy.

While the trial court refused some propositions of law which should have been held to be law, under the facts no other conclusion could have been reached and no other judgment rendered.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*