**Jessie Midira, Appellee, v. Globe Life Insurance Company of Illinois, Appellant.**

**Gen. No. 38,133.**

Opinion filed December 27, 1935.

FULTON, FULTON & SHEEN, of Chicago, for appellant.

N. E. CARUSO, of Chicago, for appellee; ERNEST C. RENIFF, of Chicago, of counsel.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

This is an appeal from the municipal court, wherein a judgment of $1,000 was entered in favor of the plaintiff and against the defendant on an insurance policy dated July 31, 1933, upon the life of one Marie Midira in which the plaintiff here was the beneficiary.

By the terms of said policy it was agreed to pay the plaintiff the sum of $1,000 upon the death of the said Marie Midira. The cause was tried before a jury who returned the verdict upon which the judgment was entered.

The principal defense made when the cause was before the trial court was that there had been no compliance with the terms of the policy by the insured; that the premium had not been paid nor had the policy been delivered and that, consequently, the contract was not in force.

The plaintiff contends that one-half of the first year's premium was paid by the agent of the insurance company and that the agent kept the policy and had never delivered it to her or asked her to repay him the money which he had advanced.

It was agreed that the policy had never been delivered to the plaintiff or the insured and that the insured died on or about December 9, 1933.

The policy which was offered in evidence contained in part the following provisions:

"No. 100902                                                    Age 14

### Globe Life Insurance Company
### of Illinois.

agrees to pay . . . upon receipt of due proofs of death of the insured to Jessie Midiri, mother, the sum of One Thousand Dollars, subject to the provisions of the policy.

"This insurance is granted in consideration of the application therefor, a copy of which is attached hereto and made a part of this contract, and in further consideration of the payment of an annual premium in advance of the sum of Fourteen and 18/100 Dollars, and a further payment . . . in every year thereafter during the continuation of this contract, or until the prior death of the insured.

"The benefits and provisions printed or written by the Company on the following pages are a part of the contract as fully as if they were recited at length over the signatures hereto affixed.

. . .

"GENERAL PROVISIONS.

"No person except the President or the Secretary has power to change, modify or waive the provisions of this contract and then only in writing. The Company shall not be bound by any promise or representation heretofore or hereafter made by or to any agent or person other than as above.

"This insurance will not take effect until the first premium is actually paid in full during the good health of the insured."

The application attached to the policy was in words and figures in part as follows:

"STATEMENT OF APPLICANT TO THE
GLOBE LIFE INSURANCE COMPANY
OF ILLINOIS.

"1.   What is your full name?   Marie Midiri.

. . .

"4. By whom will premiums be paid?  Parents.

. . .

" (1)  That I have read the foregoing statements and answers and that the same are full, complete and true;

(2) That this application, supplements and the policy applied for, if issued, shall constitute the entire contract of life insurance between me and the company; (3) That the insurance applied for shall not take effect until this application has been accepted by the company at its Executive Office at Chicago, Illinois, and until the policy issued thereon has been actually delivered to me while I am alive and in good health, nor until the first full premium thereon shall have been paid to and accepted by the company, or by an authorized agent thereof; (4) That all provisions of law forbidding any physician, surgeon or other doctor who has heretofore attended or examined me or who may heretofore attended or examined me, from disclosing any knowledge or information, thereby acquired, are hereby expressly waived.

"Dated at Chicago, this 29 day of July, 1933.

"Jessie Midiri.

"Signature of life proposed if over 15 years. If younger, must be signed by Parent or Guardian."

The question to be decided in this case is not a new one. Policies containing similar provisions have been before this court many times, as well as before other courts of this State. In the case of *Weber v. Prudential Ins. Co.*, 208 Ill. App. 117, it was said: "Where it was agreed by an applicant for life insurance that the policy should not take effect until it should be issued and delivered by the insurer, while the health of the applicant was in the same condition as described in the application, there can be no recovery on the policy, though the premium thereon was paid the day after the application was made, where it appears that while the policy was thereafter executed by the insurer on the day on which the premium was payable and was returned to the agent, it was not delivered by him to the applicant, though he received it before the latter's death." The *Weber* case was affirmed in 284 Ill. 326.

In the case of *Devine v. Federal Life Ins. Co.*, 250 Ill. 203, the Supreme Court in discussing the question, at page 206, says: ''The application may or may not provide that the insurance shall take effect only upon the delivery of the policy to the insured. Unless expressly made so by the contract itself, an actual delivery of a policy of insurance to the insured is not essential to the validity of the contract, and the rule under such circumstances is, that a policy becomes binding upon the insurer when signed and forwarded to the insurance broker to whom the application for insurance was made, to be delivered to the insured.''

By stipulation and from the evidence it appears that the policy of insurance when issued was delivered to the agent of the defendant who paid one-half of the first year's premium and kept the policy in his possession. No money was paid by the plaintiff or the insured on the policy.

In the case of *Ellis v. State Mutual Life Assurance Co.*, 206 Ill. App. 226, the court said on page 230:

''We are of the opinion that the stipulation in the application and policy in question, providing that the policy shall not take effect until actual delivery to the applicant while alive and in the condition of health he was in at the time the application was taken, is a condition precedent and, unless such stipulation has been performed, appellee would not be entitled to recover in this case.''

In Joyce on Insurance, Vol. 1, page 131, paragraph 70, it is said:

''§ 70. PREPAYMENT OF PREMIUM CONDITION PRECEDENT. Where it is expressly provided that the policy shall not take effect until the premium is paid, there is no binding contract until such payment is made. . . .''

The contract in the instant case provides that no changes in the policy can be made by any agent, and only by the secretary and president of the company in writing.

It is next contended that the payment of the premium by the agent made the insurance binding upon the defendant. In the case of *New York Life Ins. Co. v. Manning,* 124 N. Y. S. 775 (1910) at page 779, the court said:

"Nor could the payment of the premium by Moore make the insurance binding on the plaintiff. Moore made the payment of his own accord without request from Nicchia or promise of repayment by him. He was the plaintiff's agent at the time and made a payment of only 40 per cent., retaining the 60 per cent. commission to which he was entitled on the first annual premium. A payment by an agent under such circumstances is certainly not the payment of the premium contemplated by the contract. The company does not insure for the first year for a 40 per cent. premium. It insures for a full premium and pays its agent 60 per cent. commission, expecting to be repaid for this commission by the probable subsequent annual payments. It receives full consideration for its commission only when the agent obtains for it an actual bona fide client who accepts the insurance and who may be expected to pay future premiums."

Evidence was introduced by the plaintiff that she had arranged with the agent so that she would not have to pay premiums on the policy for two years. The premium notice for the additional six months' premium was sent out by the company between December 20th, and December 25th, 1933. This was approximately two weeks after the death of the insured.

In order to recover damages on an insurance policy contract, it is necessary for the plaintiff to show that the contract is in force according to its terms and that the terms have been complied with, or have been waived by the insurer. In the instant case the provisions of the policy, which are contained in the document itself, and the application thereto, which by its terms is made a part of the policy, provide:

"That the insurance applied for shall not take effect until this application has been accepted by the company at its Executive Office at Chicago, Illinois, and until the policy issued thereon has been actually delivered to me while I am alive and in good health, nor until the first full premium thereon shall have been paid to and accepted by the company, or by an authorized agent thereof."

It is agreed that the policy was never delivered and the premiums thereon never paid by the insured. We think these provisions of the policy are controlling in this case and that there can be no recovery because of such failure to comply with the terms thereof.

A motion was made in the trial court to instruct the jury at the close of the plaintiff's evidence to find the issues for the defendant and again at the close of the evidence a similar motion was made. We think the motions at the close of plaintiff's evidence should have been granted, as the evidence presented failed to make out a sufficient case for recovery against the defendant.

Inasmuch as there can be no recovery upon this policy for the reasons herein stated, there is no reason for remanding the cause and, consequently, the judgment is reversed, and judgment is entered here for defendant.

*Judgment reversed and judgment here for defendant.*

HALL, P. J., and HEBEL, J., concur.