## Fish's Ex'x v. Massachusetts Mut. Life Ins. Co.

May 19, 1939.

MARTIN & SMITH for appellant.

WILSON & ROBINSON and F. C. MALIN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

On May 13, 1921, Barnett Fish, deceased, made application to the appellee, Massachusetts Mutual Life Insurance Company, for an ordinary life policy of $3,000, naming his wife as beneficiary. He took a medical examination and paid the first full quarter-annual premium of $35.13. The application provided that the insurance should be in force from the date of the medical examination if the risk was accepted by the company. Under date of June 22, 1921, an amended application was made requesting the issuance of a twenty-pay life policy at a quarterly premium of $44.67. A twenty-pay policy was issued to the insured, bearing date of June 14, 1921, providing on its face that: "Policy Year and Insurance Begin: May 13, 1921." Thereafter the insured paid the regular quarterly installments of premiums for nine and a quarter years. The last premium was paid for the quarter commencing on May 13, 1930, and ending August 13, 1930. The insured died on September 20, 1930.

The quarterly premium due on February 13, 1930, was paid on January 27, 1930. At the time of this payment the insured increased the loan on his policy to $904.32, which was the full loan value at the time when this payment was due. All dividends accruing on the policy were used in reduction of premiums.

This action was filed by the widow of Barnett Fish, as beneficiary under the policy. Upon her death the

cause was revived in the name of her executrix. By agreement the action was transferred to equity and tried as a suit in equity without a jury.

Appellant argues that notwithstanding the statement in the policy that ''Policy Year and Insurance Begin: May 13, 1921,'' there is an ambiguity as to the effective date of the policy. The short answer to this contention, is, of course, that there is nothing ambiguous about the matter. The chancellor disposed of this question in his opinion which we approve:

''The date of the application, the medical examination, the payment of first premium, were all May 13th, 1921. By the terms of the application and in the face of the policy, the insurers and insured agreed that the policy should be in full force and effect from the date of medical examination. The amended application made no change in these respects.''

''For more than nine years the insured and insurer recognized May 13th as the anniversary of the policy and all transactions were upon this basis.

''In my opinion the policy was effective from May 13, 1921. That after May 13th, 1922 the incontestable (contestable) period of the policy expired and after said time the suicide clause was no longer in force. If this date was binding upon the insurer as to the suicide and incontestable clauses it was binding upon the insured for the purpose of payment of premiums.

''It is unfortunate that this policy was out of force for such a short period of time prior to insured's death, but it appears that the insured (insurer) did all it could do toward urging him to advance the necessary amount to supplement the contingent loan value of the policy an additional three months.

''For the protection of the insured, if for no other reason, there must be certainty as to the effective date of the policy and due date of premiums and that date was here agreed upon and for more than nine years recognized by the parties as May 13th. On the date the insured was examined a receipt binding upon the company was taken by him and the company, because of the agreement as

made, was bound by his health condition as it existed at that time.

"The policy should be construed most favorably toward the insured, but here, giving the beneficiary the benefit of every logical and legal point that could possibly be in her favor, I cannot find that she has a cause of action on this policy."

Aside from the reasons advanced by the chancellor, it is apparent that there is no legal objection to the antedating of the policy to the date of the medical examination of the assured. It was a voluntary contract and no reason appears which would justify us in concluding that the two contracting parties could not make an agreement of this kind. Whitney v. Union Central Life Insurance Company, 8 Cir., 47 F. (2d) 861; McConnell v. Provident Savings Life Assurance Soc., 6 Cir., 92 F. 769. See, also, annotation in 80 A. L. R. 957.

Finally, it is contended that the failure of the assured to make payment of the premium due August 13, 1930, did not affect his right to extended term insurance provided in the policy in the event of lapse.

It is not disputed that the quarterly premium on the policy was $44.67. It appears that the net cash value or reserve on the policy—taking the policy loan into account—was $14.13 on August 13, 1930. If the premium due on that day were paid this reserve value would have been $26. It appears that the appellee company wrote to the assured on September 9, 1930, in response to a letter from him dated the previous day that if he would pay the balance of $18.67 it could allow a premium loan of $26 to take care of the August 13th premium. He ignored this letter.

It is expressly provided in the policy that:

"In no case shall an amount of dividend accumulations less than a quarterly installment of premium be applied in payment of premium unless the balance of premium shall have been paid."

The assured elected to take reduced paid-up insurance in his application and this was allowed him. Appellee confessed judgment for $21—the paid-up policy. Certainly, under the terms of the policy, this was all that assured could ask even in the absence of his express election to take the paid-up insurance.

Judgment affirmed.