Julian Lentin, Appellee, v. Continental Assurance Company, Appellant.

Gen. No. 45,162.

NEIMEYER, P. J., specially dissenting.

Opinion filed April 9, 1951. Released for publication May 7, 1951.

LESTER MUNSON, and SEAGO, PIPIN, BRADLEY & VETTER, for appellant; TOM L. YATES, of Chicago, of counsel.

KOVEN & KOVEN, of Chicago, for appellee; CHARLES N. SALZMAN, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff filed suit in the circuit court of Cook county seeking a judgment declaratory of the effective date of a policy of health and accident insurance which he holds in defendant company and a declaration to the effect that the policy is in full force and effect.

The policy on its face provides that "it takes effect on the 12th day of December, 1945, and continues in effect until the 12th day of December, 1946; . . . Each such renewal shall continue this policy in effect until the expiration of the period for which premium has been paid." The application, expressly made a part of the policy, provided that the policy should not take effect until it was delivered to the insured while in good health and the first premium paid. The policy was admittedly continued in force until January 12, 1949, when defendant insists that it lapsed on account of nonpayment of premium.

The facts disclose that on December 4, 1945, plaintiff made application to defendant for a policy of non-

194

cancellable health and accident insurance and a policy of life insurance. The health and accident policy in question was executed by defendant on February 11, 1946. The policies were admittedly delivered "on or before January 4, 1946." The premiums on the policy in question were paid until January 14, 1949, and when the plaintiff sought to pay by check on this date the company refused payment, maintaining that the policy had been forfeited for failure to pay within the time provided by the policy, and offered to issue a conditional receipt and application for reinstatement, with which conditions plaintiff refused to comply.

Plaintiff contends that the effective date of the policy was January 6, 1946, and that by the payment of the premiums it was continued from year to year until January 6, 1949, and that he then under the terms of the policy had 31 days' grace thereafter in which to pay the premium. He further maintains that, even though the effective date be as insisted by defendant, defendant having on prior occasions accepted yearly premiums after the last day of grace, has waived its right to insist upon strict payment within the policy provisions.

Defendant contends, inasmuch as the effective date appearing on the face of the policy is December 12, 1945, that such date is controlling; that the provisions of the policy in this respect are clear and unambiguous; and that by failure to pay the premiums within 31 days after December 12, 1948, defendant was entitled to declare the policy lapsed.

Thus, a question is presented as to whether the effective date of the policy was December 12, 1945, as contended by the defendant, or January 6, 1946, as found by the court.

The policy on its face provides:

"It takes effect on the 12th day of December, 1945, and continues in effect until the 12th day of December, 1946; and until the Insured becomes sixty years of age

195

he shall have the right to renew this policy for further consecutive periods by the payment in advance of the Annual renewal premium of $215.16. Each such renewal shall continue this policy in effect until the expiration of the period for which premium has been paid.''

Attached to the policy was the application for insurance. This application is made a part of the policy in the following language:

''It is understood and agreed that this application . . . as amended shall form a part of any policy issued hereunder.''

Then appears the following language under question No. 16 of the application:

''Do you agree that in case no amount has been tendered to the Agent on such premium at the time of this application that such insurance shall not take effect until the application is approved and accepted by the Company at its Home Office and the policies delivered to you while in good health and the first premium thereon have been paid in full?''

In other words, the face of the policy provides, as its effective date, December 12, 1945—the application, ''on date of delivery.''

██ The law is well settled that where a policy of insurance is susceptible to two constructions that construction will be adopted which is favorable to the insured. *Monahan v. Fidelity Mutual Life Insurance Co.*, 242 Ill. 488; *McMaster v. New York Life Ins. Co.*, 183 U. S. 25. In the *Monahan* case the court said (pp. 492, 493):

''If, however, the two clauses found in the policy, —that is, the clause which provided if the policy should remain in force 'two years from the date hereof,' and the clause which provided the policy should not become binding on the company until the first payment should have been made and the policy delivered,—are in con-

flict with each other and render the time uncertain from which the two years in which the policy might be contested should commence to run, we think the first clause,—that is, that the policy should be incontestable if it remained in continuous force after two years from the date thereof,—should be held to control, as that construction would be favorable to the insured, as the rule is that the language of an insurance policy, when uncertain or ambiguous, is always to be construed in favor of the insured and more strongly against the insurance company.''

In the instant case, we are of the opinion that there are two constructions that may be given the provision as to the policy's effective date: the date December 12th appearing on the face of the policy, and the subsequent provision in the application that such insurance shall not take effect until date of delivery.

It is admitted that the policy was not delivered until the early part of January, and whether it was January 4th or January 6th is immaterial on the question involved here, for in either event the insured would have thirty-one days thereafter within which to pay the premiums, and they were tendered well within thirty-one days immediately following January 4, 1949.

Defendant's argument is based substantially upon the proposition that there is no ambiguity in the terms of its policy, but that the effective date is clearly set forth. This position entirely disregards the application, which the defendant company elected to make a part of its policy, which denotes an effective date different from that appearing on the face of the policy. The case of *Stramaglia v. Conservative Life Ins. Co. of Wheeling, West Virginia*, 319 Ill. App. 20, is in point on the issue before us. There the application provided: ''That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy delivered to me during my lifetime and good

health." The payment occurred on April 19, 1940, delivery on May 8, 1940. The policy stated on its face that it became effective April 5, 1940, and was subject to renewal only by payment of the second premium within the grace period after April 5, 1941. The insured died May 20, 1941. The court said at page 27:

"The law is well established that if all the terms have been agreed upon between the parties, the formal delivery of the policy by the insurer and its acceptance by the insured are not essential to its validity, but if the terms have not been agreed upon, or if the application provides, and it is a condition of the policy itself, that it shall not become effective until it is delivered to the applicant, the contract of insurance will not become binding until such delivery. In the instant case the application and the policy constitute the contract between the parties."

In *Ellis v. State Mutual Life Assurance Co.*, 206 Ill. App. 226, the policy in question had been issued and was in the possession of the local agent at the time the insured was accidentally killed. In denying that the policy was in effect though paid for, the court said at page 230:

"We are of the opinion that the stipulation in the application and policy in question, providing that the policy shall not take effect until actual delivery to the applicant while alive and in the condition of health he was in at the time the application was taken, is a condition precedent and, unless such stipulation has been performed, appellee would not be entitled to recover in this case."

In *Weber v. Prudential Insurance Co.*, 208 Ill. App. 117, affirmed in 284 Ill. 326, where it was contended by the insurance company that the policy was not in force because it was not delivered, the court, at page 119, said:

"The difficulty which stands in the way of appellant's recovery on the policy is that the applicant for

198

the insurance expressly stipulated that the policy should never become binding on the company until it had been issued and delivered to him, . . . recovery is sought upon an instrument which, by its terms, was never to become operative until it had been delivered to the insured, while the evidence shows that such delivery never was made. . . . In these circumstances, we are compelled to conclude that the policy in question never became a binding contract.''

To the same effect are *Midira v. Globe Life Insurance Co. of Illinois*, 283 Ill. App. 100; *Laughlin v. North America Benefit Corp.*, 244 Ill. App. 391; *Steinsultz v. Illinois Bankers Life Association*, 229 Ill. App. 199; *Rogers v. Western & Southern Life Ins. Co.*, 280 Ill. App. 547. In the first three of these cases it was the defendant insurance companies who effectually invoked a strict construction of the delivery provisions and were relieved from liability by their enforcement. In the instant case it is the insured who invokes the delivery provision, and under the authority of these cases we are in accord with his contention.

Defendant relies strongly upon the case of *Rose v. Mutual Life Ins. Co.*, 240 Ill. 45. In the *Rose* case, however, there is no provision in the policy that it shall not be effective until delivery. The *Rose* case stresses this fact and the inference may well be drawn from the language of the opinion that the court would have come to a different conclusion had such a provision been contained in the policy, as appears from the following language:

''The application provided that the insurance should not take effect until the first premium should have been paid and the policy issued, *but there was no provision as to delivery.* . . . An unqualified acceptance of the application and placing the completed policy in the hands of an agent for delivery, without condition, completes the contract. . . . To hold that an insurance

policy is not in effect until the date of its delivery, contrary to its own terms, *and where there is no agreement of that kind,* would throw every case of insurance into doubt. . . . .'' (Italics ours.)

In the instant case there was a clear provision with reference to delivery. The policy was not placed in the hands of an agent ''without condition,'' but was placed in the hands of an agent with the very definite condition that it should not be effective until delivery. In the other Illinois cases cited by the defendant no delivery clause is contained.

Counsel relies upon the case of *Mutual Life Ins. Co. v. Hurni Packing Co.,* 263 U. S. 167, as authority for the proposition that parties may agree upon an effective date which is prior to the actual execution of the policy. We recognize this to be a well established rule of law, but the invoking of such rule does not help the defendant in this cause for the reason that it was also clearly specified in the policy in question that it should not become effective until the date of delivery. This same case, in commenting upon inconsistent clauses, states at page 174:

''The rule is settled that in case of ambiguity that construction of the policy will be adopted which is most favorable to the insured. The language employed is that of the company and it is consistent with both reason and justice that any fair doubt as to the meaning of its own words should be resolved against it.''

We deem it unnecessary to consider the many other cases from foreign jurisdictions cited by defendant. In most of these cases there was no delivery clause contained and others are not in point on the facts, but there are a few cases in foreign jurisdictions contrary to the holding here. Those cases are against the established doctrine in this State and are not accepted by us as precedent.

200

We do not deem it necessary to discuss the question of waiver raised by plaintiff as we are persuaded, for the reasons stated, that the proper conclusion was reached by the Circuit Court of Cook County. The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*

FEINBERG, J., concurs.

NIEMEYER, P. J., dissents.

NIEMEYER, P. J., dissents.

The Supreme Court has not passed on the question presented on this appeal. The majority opinion cites Appellate court cases involving life policies and one combined life and accident policy. Only *Stramaglia v. Conservative Life Ins. Co. of Wheeling, West Virginia*, 319 Ill. App. 20, involved the lapsing of a policy. In none of the other cases except *Rogers v. Western & Southern Life Ins. Co.*, 280 Ill. App. 547 (a combined life and accident policy), had the policy become effective. In the latter case the court held, under the facts and circumstances in evidence and "in the absence of a provision stating the precise date on which the policy should go into effect," that the parties intended that the policy should become effective on delivery.

The policy before us is for accident and health insurance. The statute (Illinois Insurance Code, Sec. 356) prohibits the issuance or delivery of an accident or health policy "unless the time at which the insurance thereunder takes effect and terminates is stated in a portion of the policy preceding its execution by the insurer." There is no similar provision in the code in respect to any other class of insurance. It was clearly the intent of the legislature that the dates required to be stated in the particular portion of the policy specified in the foregoing section should be for all purposes the dates at which the policy took effect and terminated, notwithstanding other provisions of the policy or application. Any other construction

201

would permit the parties to defeat the purpose of the legislature and nullify the statute. It is well settled that where the legislature has prescribed a statutory form of policy, any provisions to the contrary in the policy contract are ineffective. *Gudinas v. Globe Mutual Life Ins. Co.*, 248 Ill. App. 232; *Trust Co. of Chicago v. Iroquois Auto Ins. Underwriters, Inc.*, 285 Ill. App. 317, 323; *Heim v. American Alliance Ins. Co.*, 147 Minn. 283; *Maryland Casualty Co. v. American Lumber & Wrecking Co.*, 204 Minn. 43.

In accordance with the statutory mandate, the policy herein recites on the first page, preceding the date of the execution of the policy and the signature of the president of the insurer, that "it takes effect on the 12th day of December, 1945, and continues in effect until the 12th day of December, 1946; and until the Insured becomes sixty years of age he shall have the right to renew this policy for further consecutive periods by the payment in advance of the Annual renewal premium of $215.16." It was executed December 17, 1945, and delivered on or before December 31, 1945. It was reissued under date of February 11, 1946, without change of the dates at which it became effective and terminated, in order to incorporate additional benefits in the nature of a hospital supplement applied for by the insured January 6, 1946. Plaintiff, a business executive, accepted the policy and paid three premiums. In the absence of fraud and mistake—and none is charged—both parties were bound by the terms of the policy requiring payment in advance of the annual renewal premium on December 12th, or within the 31-day period of grace thereafter. *Rose v. Mutual Life Ins. Co.*, 240 Ill. 45; *Forch v. Western Life Indemnity Co.*, 157 Ill. App. 244; *Soucie v. Illinois Agricultural Mut. Ins. Co.*, 323 Ill. App. 456; *Mutual Life Ins. Co. v. Hurni Packing Co.*, 263 U. S. 167; *Metropolitan Life Ins. Co. v. Jankowski*, 285 Mich. 291.

202

If the provisions of the statute be disregarded, the time of payment of the annual premiums will not be changed. The majority opinion, following the *Stramaglia decision* (319 Ill. App. 20), is based on a supposed conflict between the statement in the policy that it is in force from December 12, 1945, until December 12, 1946, and plaintiff's agreement in the application that the policy shall not take effect until delivery and payment of the first premium. There are no other Illinois decisions to this effect. In *Forch v. Western Life Indemnity Co.*, 157 Ill. App. 244, this court, citing *Rose v. Mutual Life Ins. Co.*, 240 Ill. 45, held that the provision of the policy as to the date of payment of the premium prevailed over the provision that the policy should not take effect until payment of the first premium. In *Monahan v. Fidelity Life Ins. Co.*, 242 Ill. 488, the court held that the incontestable clause ran from the date of the policy and not from the date of delivery a month later. The court did not hold that there was a conflict between the two clauses, but said that *if* the clauses were in conflict the first provision as to the date of the policy would prevail, being more favorable to the insured. In *Weber v. Prudential Ins. Co.*, 284 Ill. 326, the court held (contrary to the holding of the Appellate court, 208 Ill. App. 117) that the insurance would have been effective and the contract completed without delivery of the policy if the first premium had been paid and the application accepted before any change in the health of the applicant. In that case the application provided that the policy should not take effect until it was issued and delivered and the first premium paid while the applicant was in the same condition of health as described in the application.

By the greater weight of authority the date mentioned in the policy for the payment of premiums prevails. Many cases expressly hold that there is no

conflict between provisions fixing a definite day as the effective date of the policy and for the payment of premiums, and provisions that the policy shall not take effect until delivery and payment of the first premium, etc. As stated in *New York Life Ins. Co. v. Silverstein*, 53 F. (2d) 986 (C. C. A. 8th Cir.) :

"There is no real inconsistency between these above-quoted provisions in the policy and the provision in the application to the effect that the policy should not take effect until its delivery and the payment of the first premium. The policy definitely provides that the premiums following the first shall be due on definite dates, or at the expiration of definite periods. These contract provisions must control." (Citations.)

In *Travelers Ins. Co. v. Wolfe*, 78 F. (2d) 78 (C. A. A. 6th Cir.), certiorari denied, 296 U. S. 635, the court said:

"There is no conflict between this provision and the provision in the application. Read together, they mean that the contract shall not take effect unless the first premium is paid while the insured is in good health, but that when it does take effect it operates from the date stated therein. This is the ordinary connotation of the terms used, and we see no occasion for giving them a strained construction."

In *Shira et al. v. New York Life Ins. Co.*, 90 F. (2d) 953 (C. C. A. 10th Cir.), the holding was that "The provision in the application (as to delivery, etc.,) does not fix the effective date of the insurance contract. It simply imposes a condition precedent to the taking effect of the insurance coverage." (Citations.) When the day of delivery is the effective date of a policy the insurance is thrown into doubt and uncertainty by leaving the term to depend upon oral testimony. *Rose v. Mutual Life Ins. Co., supra.* In a well considered opinion in which many authorities are cited, the

204

court in *Pladwell v. Travelers' Ins. Co.*, 134 Misc. 205, 234 N. Y. Supp. 287 (affirmed in 225 App. Div. 663, 231 N. Y. Supp. 856), quoted from *McCampbell v. New York Life Ins. Co.*, 288 Fed. 465 (C. C. A. 5th Cir.), certiorari denied, 262 U. S. 759, as follows:

"The time when a premium is due should be definite, and that cannot be if the date upon which the first premium was in fact paid should fix the dates upon which subsequent premiums should be paid. Therefore the date mentioned in the policy for the payment of premiums governs. The date when the first premium was paid, which is almost always uncertain, and in most instances impossible of ascertainment, is immaterial."

Among the cases cited in the *McCampbell* case, is *Forch v. Life Indemnity Co.*, 157 Ill. App. 244. See also *Timmer v. New York Life Ins. Co.*, 222 Ia. 1193; *McKenney v. Phoenix Mut. Life Ins. Co.*, 138 Wash. 315; *Wolford v. National Life Ins. Co.*, 114 Kan. 411; *Fish's etc. v. Massachusetts Mut. Life Ins. Co.*, 278 Ky. 492; and *Kansas City Life Ins. Co. v. Harper*, 90 Okla. 116.

The holding of these cases that the date mentioned in the policy for the payment of premiums governs, is the construction the parties placed on the policy before us. The insurer issued receipts for premiums payable on December 12th and refused to accept payment after the expiration of the 31-day period of grace in January, 1949. The insured paid the second and third premiums by checks dated January 11, 1947 and January 12, 1948, respectively. He accepted without protest receipts stating the payments were for premiums due December 12th of the respective years. After rejection of his January 1949 payment he applied for reinstatement. He did not take his present position until the insurer insisted upon an answer to a question in the application which he had left unan-

swered. It is purely an afterthought. Construction by the parties is of great aid in determining what they intended (*Walter v. Sohio Petroleum Co.*, 402 Ill. 33), and may be controlling. *Nelson v. Colegrove & Co. State Bank*, 354 Ill. 408. It should control in this case. The insured is not uneducated and unfamiliar with business transactions. He is an experienced business executive, aided in his insurance transactions by experienced insurance men of his own selection. The lapse of the policy was due to a mistake or oversight of his agents. There are no equities in his favor.

There is no basis in the evidence for the court's finding that defendant waived prompt payment of premiums on two occasions. The evidence shows without contradiction that the payments of the second and third premiums were made by checks dated January 11, 1947 and January 12, 1948, respectively, and that defendant dated its receipts on the day they were sent to the insured, one to five days after actual receipt of the payment. The burden of proving waiver is on the plaintiff.

The judgment should be reversed and the cause remanded for entry of a judgment in accordance with the views expressed herein.