(No. 32047.—

JULIAN LENTIN, Appellee, *vs.* CONTINENTAL ASSURANCE
COMPANY, Appellant.

*Opinion filed March 20, 1952—Rehearing denied May 19, 1952.*

HERSHEY, J., took no part.

LESTER MUNSON, and SEAGO, PIPIN, BRADLEY & VET-TER, both of Chicago, (TOM L. YATES, of counsel,) for appellant.

KOVEN & KOVEN, of Chicago, (CHARLES N. SALZMAN, of counsel,) for appellee.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

On December 4, 1945, appellee, Julian Lentin, made application to Continental Assurance Company, appellant, for a policy of noncancellable health and accident insurance and a policy of life insurance. The policies were executed by the company on December 17, 1945, and contained a statement that the effective or anniversary date was December 12, 1945. They were delivered to appellee's insurance broker on or before December 31, 1945, and by him to appellee on the same date or within a day or two after. The broker's record shows that the appellee paid the amount of the first premium on January 2, 1946, and that the company's general agent was paid by the broker's check dated January 4. Two days later, on January 6, appellee signed an application for supplemental hospital benefits on the health and accident policy and was advised by the general agent that the additional benefits would be added and that the policy was in force meanwhile. A new

health and accident policy was accordingly executed by the company on February 11, 1946, and December 12, 1945, was again inserted as the effective or anniversary date.

The complete policy provision with which we are concerned here is as follows: "it takes effect on the 12th day of December, 1945, and continues in effect until the 12th day of December, 1946; and until the Insured becomes sixty years of age he shall have the right to renew this policy for further consecutive periods by the payment in advance of the Annual renewal premium of $215.16. Each such renewal shall continue this policy in effect until the expiration of the period for which premium has been paid. * * * A grace of thirty-one days will be allowed for the payment of any premium after the first, during which period the insurance hereunder shall continue in force without the payment of premium but subject otherwise to all of the provisions of this policy. * * * If this policy shall lapse for non-payment of premium, it may be reinstated as provided in Standard Provision 3 upon written application to the Home Office of the Company, within five months after the expiration of the period of grace, accompanied by all past due premiums, provided that evidence of insurability of the Insured satisfactory to the Company be furnished."

Appellee's application for insurance was attached to the policy, and, under its express terms, became a part of any policy issued thereunder. On the application there appears this question with regard to the effective date of the insurance: "Do you agree that in case no amount has been tendered to the Agent on such premium at the time of this application that such insurance shall not take effect until the application is approved and accepted by the Company at its Home Office and the policy delivered to you while in good health and the first premium thereon have [*sic*] been paid in full?" Appellee replied to this question in the affirmative. In comparing this language with that of the

policy recited above, it will be seen that although the policy fixes December 12, 1945, as the effective date of the insurance contract, the purport of the application is that the effective date is conditioned on delivery, the good health of the applicant, and payment of the first premium in full.

Appellee paid his second annual premium on January 11, 1947, and received a receipt five days later acknowledging payment of the premium for the policy year ending December 12, 1947. He paid his third annual premium on January 12, 1948, and received a receipt of like tenor. On January 13, 1949, he sent a check to the company for the payment of his fourth annual premium and in return received a conditional receipt together with an application for reinstatement. Appellee refused to abide by the conditional receipt or to make application for reinstatement but instead commenced this action in the circuit court of Cook County seeking a declaratory judgment of the effective date of the health and accident policy and a declaration that it is in full force and effect.

The circuit court held that the effective date provision of the application was an effective and binding clause and that the insurance could not take effect until all its conditions had been met, and that in this instance a binding contract for insurance was reached on January 6, 1946, on which date full agreement was reached by the parties when appellee applied for the additional hospital coverage and his application was accepted by the company. The effective date was held to be January 6, 1946, the payment of the fourth annual premium on January 13, 1949, was held to be within the period of grace allowed by the policy, and it was declared that the policy was still in force and effect and had not lapsed.

The company appealed to the Appellate Court and the majority opinion of that court, (*Lentin v. Continental Assurance Co.* 343 Ill. App. 193,) affirmed the decree of the trial court, holding that the effective date provisions

of the contract were ambiguous, and that the construction most favorable to the insured was the one to be adopted. One Justice dissented, holding that section 356 of the Illinois Insurance Code, (Ill. Rev. Stat. 1945, chap. 73, par. 968(1)(b),) and the greater weight of authority requires that the date mentioned in the policy for the payment of premiums must prevail. We have granted the company's petition for leave to appeal for further review of the case.

The company contends in this court that where the policy expressly specifies the date from which the premium period is to be computed, and makes that date the date on which the recurring premiums are due and payable, such date must control, regardless of the date on which the policy is delivered. It is further the company's position that there is no ambiguity in the disputed contract, and that for a court to fix an effective date other than that shown in the insurance policy would result in changing the terms agreed upon by the parties. Appellee contends that the only terms agreed upon by the parties with respect to the effective date, were that the insurance "shall not take effect until the application is approved and accepted by the Company at its Home Office and the policy delivered to you while in good health and the first premium thereon have been paid in full." It is his position that decisions of the lower courts which enforced the foregoing stipulation merely enforced the agreement of the parties.

A general proposition of law, agreed upon by both parties, is that in contracts of insurance, as in other contracts, the parties have an absolute right to enter into agreements fixing such terms as they see fit, provided, of course, that they do so voluntarily, and are not influenced by fraud, misrepresentation or similar elements. In construing insurance contracts, courts can have no other function but to ascertain and enforce the intention of the parties, and must not inject terms and conditions different from those agreed

upon by the parties. Another common principle, familiar in the construction of insurance contracts, is that where there is an ambiguity in the contract, the construction most favorable to the insured is adopted by the courts unless the parties themselves have adopted a contrary interpretation.

An examination of the many cases cited as bearing on the issue here raised leads to the following general conclusions: First, that parties to an insurance contract are competent to fix the date when the contract shall become effective, and when it appears that the parties themselves have clearly agreed upon a date upon which the policy shall take effect, that date governs concerning the payment of premiums and the expiration of the policy even though the contract contains a provision that it shall not go into effect until delivery and payment of the premium. The express agreement between the parties is deemed to remove the ambiguity in the two provisions and the date agreed upon is binding. Typical of cases falling within this category are *Shira* v. *New York Life Ins. Co.* 90 Fed. 2d 953, where the insured agreed and specifically stipulated in his application that the policy should become effective on a stated date, and *Mutual Life Ins. Co.* v. *Hurni Packing Co.* 263 U.S. 167, 68 L. ed. 235, wherein the applicant himself inserted in his application the date the policy was to become effective. Such cases can have no bearing on the construction of the policy being considered, for the effective date stipulated in the policy is not based on any express agreement of the parties.

Second, where the parties to an insurance contract have not expressly agreed to a definite effective date, courts have varied as to whether the date stated in the policy should prevail over the provisions of the application which state that the insurance shall not take effect until delivery, payment of the first premium, etc. One line of decisions holds that the date stipulated in the policy is the effective date, and that the provisions in the application simply

impose a condition precedent to the taking effect of the insurance coverage. These cases have found no ambiguity in the provisions when read together and construe them to mean that the insurance contract shall not take effect until the conditions stated in the application are complied with, but, that when it does take effect it operates from the date stated in the insurance contract. Cases supporting this view are: *New York Life Ins. Co.* v. *Silverstein,* 53 Fed. 2d 986; *Travelers Ins. Co.* v. *Wolfe,* 78 Fed. 2d 78; *Pladwell* v. *Travelers' Ins. Co.* 234 N.Y.S. 287, and *McCampbell* v. *New York Life Ins. Co.* 288 Fed. 465. One of the reasons underlying the result reached is stated in the case last cited as follows: "The time when a premium is due should be definite, and that cannot be if the date upon which the first premium was in fact paid should fix the dates upon which subsequent premiums should be paid. Therefore the date mentioned in the policy for the payment of premiums governs. The date when the first premium was paid, which is almost always uncertain, and in most instances impossible of ascertainment, is immaterial." The insurance policies involved in the cases cited contained only a condition with regard to the payment of premium; it is the company's contention, however, that the same construction and reasoning applies to an insurance contract which contains a condition regarding delivery, and this view has been adopted in some jurisdictions. *Wall* v. *Mutual Life Ins. Co. of New York,* 228 Iowa, 119, 289 N.W. 901; *Pace* v. *New York Life Ins. Co.* 219 N.C. 451, 14 S.E. 2d 411; *Fawcett* v. *Security Benefit Ass'n,* 99 Utah 193, 104 Pac. 2d 214.

The other view adopted has been that where the contract expressly provides that it shall take effect only on the condition of payment of the first premium, or of delivery, such provision controls both as to the date upon which premiums must be paid and as to the expiration date of the policy, nothing more appearing except that the insur-

ance company has dated the policy on a date prior to the payment of the first premium, or delivery, and has provided for the payment of subsequent premiums on the policy date. To this effect are *Shinall* v. *Prudential Ins. Co.* 91 Colo. 194, 14 Pac. 2d 183; *Stramback* v. *Fidelity Mut. Life Ins. Co. of Philadelphia,* 94 Minn. 281, 102 N.W. 731; *Halsey* v. *Amer. Cent. Life Ins. Co.* 258 Mo. 659, 167 S.W. 951, and *Hampe* v. *Metropolitan Life Ins. Co.* (Mo. App. 1929,) 21 S.W. 2d 926. The rationale of these cases is that since the premiums are payable in advance, a mere dating of the policy at a time prior to its effective date and the subsequent payment of premiums on the day of the policy's date are not sufficient to change an explicit provision in the contract that it takes effect as of a later date. To hold to the contrary would result in the insured's paying for insurance over a period during which the insurance company was under no liability to him and in which he had no insurance. This, we believe, is the better view, for to hold that the payment of the first premium, which contemplates that it be for a year's insurance, guarantees insurance for a period of less than a year, is to give the insured something substantially less than what his express agreement with the company called for.

The reasons upon which the latter view is based are commented upon in Vance on Insurance, 2d ed., page 287, as follows: "An interesting and important question concerning forfeiture of policies for non-payment of premiums has arisen out of the practice of insurers to date policies issued as of the same date with the application, which is also made the date for the payment of the recurring annual premiums, while the policy does not in fact take effect as a contract until delivery and payment of the first premium at a somewhat later date. The result is an inconsistency between the several terms of the contract. Upon payment of the first premium and delivery of the policy the insured is, under its terms, entitled to insurance for one year. Since

·the insurance usually begins only with the delivery of the policy, and not from the date written upon it, the year during which the insured is entitled to protection should begin on the day of delivery and extend to the same day in the succeeding year. Yet the policy also provides that if a premium falling due at a date, specified in the policy, earlier than the last day of the year stipulated for, shall remain unpaid, the policy shall be forfeited. Put briefly, the insurer by one term of his contract sells the insured protection for one year from a certain date, and then in another term declares the failure to pay a premium within that year will cut short the insurance bargained and paid for. One term insures for a whole year, another for part of a year. Applying the well settled rule that in cases of uncertainty and repugnancy the court will always adopt that construction which will avoid forfeiture, it would seem safe to conclude that the insurer will not be allowed to declare the insurance forfeited before the expiration of a full year from the time when the policy is delivered, even though the express terms of the contract may render it forfeitable upon failure to pay an annual premium at an earlier day."

Applying the authorities discussed to the facts of the case before us, it may be seen that the policy is subject to two constructions as to its effective date. When the facts are considered, it is our conclusion that the effective date established by the fulfillment of all the conditions agreed upon by the parties must prevail over the date provided in the policy. It is only by such a construction that the insured receives exactly what he contracted for, and what the company bound itself to provide, namely, insurance coverage for one year. To hold that the date inserted by the company controls would be to hold that the contract, which was not binding on the company until the conditions of delivery and payment of premium were fulfilled, was binding and enforcible against the insured during the same

interim period. The company argues that the contract here does not make payment of the "first annual premium" a condition, but only payment of the "first premium" which they say may or may not be for a full year. The answer to such argument lies in the policy itself, for a reading of the contract in its entirety leaves no doubt that the "first premium" was for a year's insurance coverage. While the construction we adopt may, in some instances, render the effective date of a policy uncertain, it is an uncertainty that may be surmounted by a contract which leaves no doubt as to the effective date. In the present case any confusion or uncertainty which arises must be said to lie in the hands of the company which fashioned the conflicting provisions as to the effective date. Aside from the consideration that the insurer is entitled to the period of insurance he contracted and paid for, the arbitrary manner in which the stipulated date in the policy was reached is also indicative of the advantage which may be gained by a company at the expense of the insured, unless the provisions as to effective date expressly agreed upon are enforced. Appellee in this case made application for insurance on December 4. The policy was executed December 17 and the effective date was set as December 12. It will be recalled that appellee did not pay the first premium to the company until January 4, after delivery of the policy. The selection of December 12 as the effective date did not stem from any act or agreement to which appellee was a party, but was the *ex parte* act of the company. Some argument is made that December 12 was the day the policy was delivered to appellee's insurance broker, but this is not supported by the proof and puts the company in the position of arguing that the policy was delivered before it purports to have been executed. What the contractual rights and duties of the parties were between December 12 and December 17 presents an interesting surmise and further strengthens the conclusion that the contract for insur-

ance cannot be said to become effective until all the terms expressly agreed upon by the parties have been fulfilled. The proof shows that all the terms agreed upon by the parties were fulfilled on January 4, 1946. This is the effective date of the policy and the date which must govern the payment of premiums. The fourth annual premium having been paid within the period of grace provided, it must be concluded that the policy still remains in full force and effect.

Numerous cases from our own jurisdiction have been cited by counsel in support of their position. The only case identical on its facts is *Stramaglia* v. *Conservative Life Ins. Co.* 319 Ill. App. 20, where the insured, who sought to prevent a lapsing of his policy, successfully urged that the policy did not become effective until delivery of the policy and payment of the first annual premium. In holding that the effective date established by the fulfillment of those conditions prevailed over the date inserted in the policy, the Appellate Court stated that the provision which affords the most protection to the insured must control. In other cases, and in almost every instance at the insistence of the insurer who sought to avoid liability, the delivery condition in the insurance contract has been held to fix the effective date of the policy and has been strictly construed. (*Ellis* v. *State Mutual Life Assurance Co.* 206 Ill. App. 226; *Weber* v. *Prudential Ins. Co. of America,* 208 Ill. App. 117, affirmed 284 Ill. 326; *Midira* v. *Globe Life Ins. Co.* 283 Ill. App. 100; *Laughlin* v. *North America Benefit Corp.* 244 Ill. App. 391; *Steinsultz* v. *Ill. Bankers Life Ass'n,* 229 Ill. App. 199; *Rogers* v. *Western & Southern Life Ins. Co.* 280 Ill. App. 547.) The tenor of all these cases is that if it is a condition of the policy that it shall not be effective until it is delivered to the applicant, the contract will not become binding until such delivery, unless some other term has been agreed upon by the parties. While factually different, these cases support the view that

the effective date established by the fulfillment of the agreement of the parties as to delivery prevails where it is in conflict with the other provisions of the policy as to effective date.

*Rose* v. *Mutual Life Ins. Co.* 240 Ill. 45, and several cases which have followed it, (*Forch* v. *Western Life Indemnity Co.* 157 Ill. App. 244; *Cottingham* v. *National Mutual Church Ins. Co.* 209 Ill. App. 557,) are strongly relied upon by the company as being decisive of the issue presented here. In the *Rose case* the effective date of the policy was May 23, 1904, but it was not delivered until July 17, 1904. The application provided that the insurance should not take effect until the first premium should have been paid and the policy issued, but said nothing as to delivery. The party suing on the contract averred that the policy had been *issued* on July 17, 1904, thus reading into the contract a condition as to delivery which did not exist. The court said: "The averment as to date of issue stated no act or fact constituting an issue of the policy, and amounted to nothing but a contradiction of the terms of the policy. There was nothing that could be construed as an allegation that the application was not accepted and the policy signed at the date it bore. The insurance commenced to run from the acceptance of the premium while the insured was in good health *and the policy acknowledged the receipt of the premium.* * * * The averments of the declaration are to be construed against the pleader, and it must be held that the policy was in force when the application was approved, the insurance paid and the policy signed and issued at the office of the company." (Emphasis ours.) We think the plain meaning of this language is that the condition as to payment of premium had been met on the date the policy issued, and that the case is not authority for the proposition that the provision of the policy as to date prevails over the provision that the policy should not take effect until payment of the first premium.

That issue was not before the court, but rather all that was determined was whether delivery was essential to the validity of the insurance contract, in the absence of an express provision that the insurance run from the date of delivery. Similar issues are not present in this case.

The company contends in this court, and the dissenting Justice in the Appellate Court so found, that any construction which does not embrace the date stated in the policy nullifies the provision of the Insurance Code which prohibits the issuance or delivery of an accident and health policy "unless the time at which the insurance thereunder takes effect and terminates is stated in a portion of the policy preceding its execution by the insurer." (Ill. Rev. Stat. 1945, chap. 73, par. 968 (1)(b).) The necessity for a construction of the policy issued here has resulted from the fact that the insurer drew up a contract which is subject to two constructions as to its effective and terminating dates. The statute was designed for the equal protection of the insurer and the insured, and cannot serve as a cloak behind which the insurer can arbitrarily select an effective date, which is not based upon, or consistent with, the express agreement of the insurer with the insured. To say that the legislature intended that the date in the policy would prevail even if it did not conform to the agreement of the parties would be to reach an absurd result that was not intended.

The final contention of the company is that the effect of the judgment of the trial court is to reform rather than to construe the insurance contract, and that such an action will not lie under the Declaratory Judgment Act. (Ill. Rev. Stat. 1949, chap. 110, par. 181.1.) We cannot agree with this contention, for the relief sought and the judgment rendered were not for reformation, but for construction by the clarification of an ambiguity found in the contract. This is within the scope of the court's jurisdiction under the provisions of the Declaratory Judgment Act.

It is our conclusion that the effective date of the policy here involved is January 4, 1946, and the judgment of the Appellate Court for the First District, as so enlarged, is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HERSHEY took no part in the consideration or decision of this case.